■ In the Matter of JOSEPH E. COVILLION, Appellant, v TOWN OF NEW WINDSOR et al., Respondents.—In an action, inter alia, to recover damages for malicious prosecution, the plaintiff appeals from an order of the Supreme Court, Orange County (Ferraro, J.), dated March 18, 1985, which granted the motion of the defendants County of Orange and the Sheriff of Orange County and the cross motion of the defendant the Town of New Windsor for summary judgment and dismissed the complaint.

Ordered that the order is affirmed, without costs or disbursements.

The plaintiff was convicted of three counts of petit larceny following allegations by customers that he failed to return appliances left with him for repairs. His convictions were reversed on appeal on the ground, inter alia, that the Trial Judge's charge to the jury was erroneous. The District Attorney's motion to dismiss the case in the interest of justice was granted. The plaintiff then instituted this action for damages for false imprisonment, malicious prosecution, abuse of process and violation of his civil rights.

We agree with Special Term that the plaintiff failed to present facts sufficient to establish a triable issue on any of his claims (see, Zuckerman v City of New York, 49 NY2d 557). Furthermore, the acts specifically complained of were performed by officials who are immune from civil liability. The crux of the plaintiff's argument is that he was wrongly convicted and incarcerated because the Town Justice of the Town of New Windsor failed to properly instruct the jury on a potential defense under Lien Law § 180. The plaintiff also made allegations of misconduct by the Assistant District Attorney during the trial. However, judicial immunity extends to all Judges and encompasses all judicial acts, even if the acts are alleged to have been done maliciously (see, Sassower v

*Finnerty,* 96 AD2d 585, *appeal dismissed* 61 NY2d 756). Likewise, a District Attorney is immune from civil liability for official acts performed in the pursuit of a criminal prosecution *(see, Whitmore v City of New York,* 80 AD2d 638, *lv dismissed* 54 NY2d 753). The defendants' motion and cross motion for summary judgment were, therefore, properly granted. Brown, J. P., Weinstein, Lawrence and Kooper, JJ., concur.