■ SYDNEY J. CHASE, Appellant, v EDWARD GRILLI et al., Respondents.—In an action to recover damages, inter alia, for defamation, the plaintiff appeals, as limited by his notice of appeal and brief, from so much of an order of the Supreme Court, Nassau County (Levitt, J.), entered January 8, 1985, as denied his motions to strike the defendants' fourth, seventh and ninth affirmative defenses, and granted the defendants' cross motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed insofar as appealed from, with costs.

The instant action concerns certain statements made by the defendants to newspaper reporters. The statements alleged to be defamatory related to the plaintiff's arrest and subsequent conviction of the crime of attempted criminal possession of stolen property. Special Term determined that the statements were qualifiedly privileged inasmuch as the defendants had a

duty to report on criminal activity in Nassau County and the public had an interest in the dissemination of such information. We agree.

A qualified or conditional privilege attaches to statements in which the party communicating possesses a legal duty to communicate information about another, provided that the communicator has a good-faith belief that the information is true (see, Shapiro v Health Ins. Plan, 7 NY2d 56, 60-61). At bar, a qualified privilege attaches to the allegedly defamatory statements, inasmuch as the defendants, acting in their capacity as representatives of the Nassau County District Attorney's office, communicated certain information about the plaintiff's arrest and conviction. Therefore, in view of this defense, the plaintiff was required to set forth that the defendants acted with actual malice in communicating the information (see, Shapiro v Health Ins. Plan, supra; Andrews v Gardiner, 224 NY 440). Since the plaintiff failed to produce any evidence of actual malice, Special Term correctly granted summary judgment to the defendants (see, Roche v Hearst Corp., 53 NY2d 767; Kremer Constr. Co. v Garfinkel, 31 AD2d 766).

Additionally, in view of this disposition, Special Term did not err in denying, as academic, the plaintiff's motions to strike certain affirmative defenses. Mangano, J. P., Bracken, Niehoff and Eiber, JJ., concur.