■ HYACINTH CESPEDES, Respondent, et al., Plaintiff, v CITY OF NEW YORK, Appellant.—In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated December 12, 1988, as denied that branch of its motion which was to dismiss the action insofar as it is asserted on behalf of Hyacinth Cespedes on the ground that the claims asserted on behalf of that plaintiff were not timely interposed, and as granted the plaintiff Hyacinth Cespedes' cross motion to strike the defendant's affirmative defense alleging that the action insofar as asserted on her behalf was not timely pursuant to General Municipal Law § 50-i.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the plaintiff's cross motion is denied, and that branch of the defendant's motion which was to dismiss the complaint insofar as asserted on behalf of Hya-

cinth Cespedes for failure to comply with General Municipal Law § 50-i, is granted.

The one-year-and-90-day Statute of Limitations of General Municipal Law § 50-i is tolled from the time a plaintiff commences a proceeding for leave to serve a late notice of claim until an order granting that relief goes into effect *(see, Giblin v Nassau County Med. Center,* 61 NY2d 67, 72; *Barchet v New York City Tr. Auth.,* 20 NY2d 1, 6). Here, the respondent commenced such a proceeding by order to show cause. "CPLR 2211 specifically provides that a motion brought on by [an] order to show cause is made when served and not when signed" *(Mortgage Affiliates Corp. v Jerder Realty Serv.,* 62 AD2d 591, 593, *affd* 47 NY2d 796; *see also,* CPLR 2211; Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C2211:4). Therefore, the Statute of Limitations was tolled from August 18, 1987, until October 23, 1987, a total of 66 days. Adding the 66 days to the original deadline for service of the summons and complaint, December 1, 1987, we find that the last day on which the plaintiff Hyacinth Cespedes could have served her summons and complaint was February 5, 1988. Therefore, service on February 10, 1988, was untimely and failed to comply with General Municipal Law § 50-i.

We have examined the plaintiff Hyacinth Cespedes' remaining contention and find it to be without merit. Sullivan, J. P., Eiber, Rosenblatt and Ritter, JJ., concur.