■ ELAN GOLOMB, Appellant, v WESTCHESTER COUNTY MEDICAL CENTER, Respondent. [608 NYS2d 290] —In an action to recover damages for medical malpractice and false imprisonment, the plaintiff appeals from (1) an order of the Supreme Court, Westchester County (Colabella, J.), entered February 7, 1992, which granted the defendant's motion to dismiss the complaint, and (2) a judgment of the same court dated February 27, 1992, which is in favor of the defendant and against the plaintiff.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, *Matter of Aho*, 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]).

It is clear that the plaintiff's causes of action against the Westchester County Medical Center to recover damages for medical malpractice and false imprisonment were barred by the one-year and 90-day Statute of Limitations for tort causes of action against a municipality and by the one-year Statute of Limitations for false imprisonment, respectively, when the summons was served on July 25, 1991 (see, General Municipal Law § 50-i [1] [c]; CPLR 215 [3]). The acts complained of allegedly occurred in May 1989. While the Statutes of Limitations were tolled from the time the plaintiff commenced a proceeding for leave to serve a late notice of claim, the Statutes of Limitations were only tolled during the pendency

of the proceeding, i.e., from May 15, 1990, to August 3, 1990 *(see, Giblin v Nassau County Med. Ctr.,* 61 NY2d 67; *Cespedes v City of New York,* 172 AD2d 640). Although the Statutes of Limitations were tolled in this action for the 80 days that the proceeding was pending, the Statute of Limitations for false imprisonment nevertheless expired on August 17, 1990, and the Statute of Limitations for medical malpractice expired on November 17, 1990, well before the action was commenced in July 1991 *(see, Cespedes v City of New York, supra).*

The plaintiff's remaining contentions are without merit. Thompson, J. P., Rosenblatt, Miller and Ritter, JJ., concur.