■ INCORPORATED VILLAGE OF OCEAN BEACH, Appellant, v MAKER WATER TAXI, INC., Respondent. [608 NYS2d 291] —In an action, *inter alia,* to enjoin the defendant's operation of a "water taxi" service without complying with the licensing requirements of the plaintiff's "water taxi law" (Village of Ocean Beach Code § 106 *et seq.*), the plaintiff appeals from so much of an order of the Supreme Court, Suffolk County (Tanenbaum, J.), entered October 25, 1991, as granted that branch of the defendant's motion which was for summary judgment on the issue of liability on its third counterclaim, alleging violation of 42 USC § 1983.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, that branch of the defendant's motion is denied and, upon searching the record, the third counterclaim is dismissed.

In the defendant's third counterclaim it was alleged, in relevant part, that the plaintiff, acting "under color and authority of its ordinance, Section 160 et seq., by its misuse of power has subjected the defendant * * * to the deprivation of rights, privileges and immunities secured by the United States Constitution, all in violation of 42 U.S.C.S. 1983". It is clear that 42 USC § 1983 by itself creates no independent, substantive constitutional right but rather serves merely as a vehicle for enforcing such rights *(see, Weg v Macchiarola,* 729 F Supp 328, 333). Thus, it was incumbent upon the defendant to specify the substantive constitutional right upon which its claim was based and, further, to allege facts in support of the claimed constitutional deprivation *(see, Courtemanche v Enlarged City School Dist.,* 686 F Supp 1025, 1028). However, given the conclusory nature of the defendant's allegations, the defendant wholly failed to meet these prerequisites. Accordingly, since the defendant failed to meet the requirements for pleading a cause of action under 42 USC § 1983, we conclude, upon searching the record, that the third counterclaim should be dismissed. Balletta, J. P., Pizzuto, Friedmann and Krausman, JJ., concur.