■ ELLEN MAZZAFERRO, Appellant, v BARTERAMA CORPORATION et al., Respondents, et al., Defendant. [630 NYS2d 346] —In a

negligence action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Becker, J.), entered February 25, 1994, which granted the motion of the defendants Barterama Corporation and the New York Racing Association Incorporated for summary judgment dismissing the complaint insofar as it is asserted against them, with prejudice, and denied, as academic, the plaintiff's cross motion for an order striking the case from the trial calendar.

Ordered that the order is affirmed, with costs.

Pursuant to CPLR 3212 (f), the trial court has discretion to deny a motion for summary judgment, or to order a continuance to permit affidavits to be obtained or disclosure to be had, if "facts essential to justify opposition may exist but cannot then be stated". For the court to delay action on the motion, there must be a likelihood of discovery leading to such evidence (see, Frierson v Concourse Plaza Assocs., 189 AD2d 609, 610). The "mere hope" that evidence sufficient to defeat the motion may be uncovered during the discovery process is not enough (Jones v Gameray, 153 AD2d 550, 551; see, Kennerly v Campbell Chain Co., 133 AD2d 669, 670; see also, Auerbach v Bennett, 47 NY2d 619, 636; Gateway State Bank v Shangri-La Private Club for Women, 113 AD2d 791, affd 67 NY2d 627). Since there was only hope and speculation as to what additional discovery would uncover in the present situation, the court properly granted the motion for summary judgment. Moreover, the court properly found that the plaintiff had more than an ample opportunity, over a two year period, to locate the remaining defendant, Eyup Ulu, to secure his testimony. Balletta, J. P., Thompson, Santucci, Altman and Hart, JJ., concur.