■ RONALD F. WELTMANN et al., Appellants, v RWP GROUP, INC., et al., Respondents. [648 NYS2d 970] —In an action, *inter alia*, to recover damages for breach of contract, the plaintiffs appeal from an order of the Supreme Court, Nassau County (Kutner, J.), dated December 29, 1995, which denied their motion, in effect, for partial summary judgment on their first cause of action and to dismiss the defendants' affirmative defenses and counterclaims.

Ordered that the order is reversed, on the law, with costs, the plaintiffs' motion for partial summary judgment is granted, the plaintiffs are awarded judgment on their first cause of action, the remaining causes of action are severed, and the defendants' affirmative defenses and counterclaims are dismissed.

In support of their motion for partial summary judgment on their first cause of action, the plaintiffs came forward with adequate affidavits and documentary evidence to demonstrate prima facie their entitlement to judgment as a matter of law, thus shifting the burden to the defendants to produce admissible evidence to establish the existence of material issues of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320). While we agree with the Supreme Court's finding that the defendants failed to sustain this burden, we disagree with its determination to deny the motion for partial summary judgment and to permit the defendants to conduct discovery in an effort to find

evidence to support their affirmative defenses and counterclaims (*see generally,* CPLR 3212 [f]). Where, as in this case, the facts are not exclusively within the movant's knowledge, the opponent cannot avoid summary judgment by relying upon "[t]he 'mere hope' that evidence sufficient to defeat the motion may be uncovered during the discovery process" (*Mazzaferro v Barterama Corp.,* 218 AD2d 643, 644, quoting *Jones v Gameray,* 153 AD2d 550, 551; *see, Kennerly v Campbell Chain Co.,* 133 AD2d 669). Indeed, "[s]peculation as to what might be produced if discovery were to be had is not enough to defeat a motion for summary judgment" (*Carrington v City of New York,* 201 AD2d 525, 527; *see, Auerbach v Bennett,* 47 NY2d 619). Since the relevant facts were available to the defendants, and the defendants offered only expressions of hope and speculation as to what discovery might reveal, the motion for partial summary judgment on the first cause of action and to dismiss the defendants' affirmative defenses and counterclaims should have been granted (*see, Mazzaferro v Barterama Corp., supra*). Mangano, P. J., Rosenblatt, Sullivan and Hart, JJ., concur.