■ In the Matter of LEE POKOIK, Respondent-Appellant, v DEPARTMENT OF HEALTH SERVICES, COUNTY OF SUFFOLK, Appellants-Respondents, et al., Respondents. [657 NYS2d 56] —In a hybrid proceeding pursuant to CPLR article 78 in the nature of mandamus to compel compliance with Public Health Law § 1340 (2) (a) and an action for a judgment declaring, *inter alia,* that a purported waiver of compliance with Public Health Law § 1340 (2) (a) issued by the Department of Health Services, County of Suffolk, and that Local Laws, 1990, No. 1 of the Village of Ocean Beach are illegal, (1) the Village of Ocean Beach appeals, (a) as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Suffolk County (Oshrin, J.), dated December 22, 1995, as granted the petitioner's motion for partial summary judgment and declared invalid the waiver of compliance with Public Health Law § 1340 (2) (a) issued to it by the Department of Health Services, County of Suffolk, and denied those branches of its cross motion which were for summary judgment dismissing the petitioner's second and third causes of action and so much of the seventh cause of action as seeks to recover compensatory damages, and (b) from an order of the same court dated April 12, 1996, which denied the motion of the Department of Health Services, County of Suffolk, for reargument of the petitioner's motion for partial summary judgment, and (2) the Department of Health Services, County of Suffolk, separately appeals from (a) so much of the order and judgment as declared invalid its waiver of compliance with Public Health Law § 1340 (2) (a), and (b) the order dated April 12, 1996, which denied its motion for reargument. The petitioner cross-appeals from so much of the order and judgment, as upon directing the Village of Ocean Beach to

comply with Public Health Law § 1340 (2) (a), required the Village to provide toilet facilities only within 500 feet of a bathing beach.

Ordered that the appeals from the order dated April 12, 1996, are dismissed as no appeal lies from an order denying reargument; and it is further,

Ordered that the order and judgment is modified by deleting the provision thereof which denied that branch of the cross motion of the Village of Ocean Breach which was for summary judgment dismissing the seventh cause of action to the extent it seeks compensatory damages and substituting therefor a provision granting that branch of the cross motion; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the seventh cause of action is dismissed in its entirety.

Insofar as the petitioner's seventh cause of action, purporting to state a claim pursuant to 42 USC § 1983, fails to specify the substantive constitutional right upon which his claim is based, it must be dismissed for failure to state a claim upon which relief may be granted (*see, Incorporated Vil. of Ocean Beach v Maker Water Taxi,* 201 AD2d 704).

Contrary to the claims of the Village of Ocean Beach (hereafter the Village) and the Department of Health Services, County of Suffolk (hereafter the County), the Supreme Court's invalidation of the purported waiver of compliance with Public Health Law § 1340 (2) (a) (requiring the provision of toilets at bathing beaches) issued by the County to the Village was not based upon the court's improper substitution of its discretion for that of the administrative agency. Rather, the Supreme Court declared the waiver illegal given that it purported to waive compliance with Public Health Law § 1340 (2) (a) under circumstances beyond those permitted by the State Sanitary Code (*see,* 10 NYCRR 6-2.13, 6-2.19 [5.1]).

Specifically, since a waiver is expressly permitted only where there are existing, available toilet facilities located within 500 feet of the beach (*see,* 10 NYCRR 6-2.13, 6-2.19 [5.1]; Public Health Law § 1340 [2] [a]), the waiver at issue was not authorized since it required many beachgoers to travel distances several times farther than 500 feet to reach toilet facilities.

We have reviewed the parties' remaining contentions, including those raised in correspondence with the court regarding the question of whether the proceeding has been rendered academic, and we find that no further relief is warranted herein. O'Brien, J. P., Santucci, Joy and Friedmann, JJ., concur. [*See,* 168 Misc 2d 459.]