■ JEANNE M. SHAPIRO, Respondent-Appellant, v TOWN OF CLARKSTOWN et al., Appellants-Respondents, and COUNTY OF ROCKLAND et al., Respondents. [656 NYS2d 682] —In an action, inter alia, to recover damages for false arrest and malicious prosecution, (1) the defendants Town of Clarkstown and the Police Department of the Town of Clarkstown appeal, as limited by their brief, from so much of an order of the Supreme Court, Rockland County (Meehan, J.), dated January 2, 1996, as granted the plaintiff's motion for leave to serve a late notice of claim, and (2) the plaintiff cross-appeals from so much of the same order as granted the cross motion of the defendants County of Rockland and the District Attorney of Rockland County for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified by deleting therefrom the provision granting the plaintiff leave to serve a late notice of claim and substituting therefor a provision denying the

plaintiff's motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the appellants-respondents and the defendants-respondents, payable by the respondent-appellant.

On April 21, 1994, the plaintiff was arrested by the Town of Clarkstown police and charged with harassment (Penal Law § 240.26 [3]) and resisting arrest (Penal Law § 205.30). The charges arose out of an incident in a grocery store parking lot wherein the plaintiff repeatedly screamed racial slurs at another woman. On July 18, 1995, just a few days before the expiration of the one year and 90-day period for serving a notice of claim, the plaintiff commenced the instant action against the Town of Clarkstown, the Police Department of the Town of Clarkstown, the County of Rockland, and the District Attorney of the County of Rockland, and simultaneously moved for leave to serve a late notice of claim. The defendant County of Rockland and the District Attorney of Rockland County cross-moved to dismiss the complaint insofar as asserted against them on the grounds of prosecutorial immunity. The Supreme Court granted the plaintiff's motion for leave to serve a late notice of claim against the Town defendants and granted the cross motion of the County defendants to dismiss the complaint insofar as asserted against them.

Under the circumstances of this case, it was an improvident exercise of discretion to grant the plaintiff leave to serve a late notice of claim. Here, not only was the delay lengthy (15 months), but the plaintiff also concededly waited until just before the filing period expired before making her motion and failed to tender even the semblance of a reasonable excuse for the delay (see, Matter of Dube v City of New York, 158 AD2d 457; Pierce v New York City Hous. Auth., 43 AD2d 842). The record does not support a conclusion that the police reports provided the Town defendants with knowledge of the claim first interposed 15 months after the incident, or that no prejudice was caused by the lengthy delay (see, Matter of Ragin v City of New York, 222 AD2d 678; Matter of McAllister v County of Nassau, 202 AD2d 670; Matter of Camilleri v County of Suffolk, 190 AD2d 669). Further, we note that the plaintiff's causes of action alleging false arrest and assault were time-barred in any event by the one-year Statute of Limitations (see, CPLR 215; Golomb v Westchester County Med. Ctr., 201 AD2d 702; Sanchez v County of Westchester, 146 AD2d 620; Jackson v Police Dept., 119 AD2d 551), and her cause of action alleging malicious prosecution had not yet accrued since the criminal charges were still pending at the time she made her motion

*(see, Guzman v City of New York,* 236 AD2d 444; *McElveen v Police Dept.,* 70 AD2d 858).

The Supreme Court properly granted the cross motion of the County defendants for summary judgment dismissing the complaint insofar as asserted against them. It is well settled that "[a] prosecutor is entitled to absolute immunity for actions taken within the scope of his official duties in initiating and pursuing a criminal prosecution and in presenting the State's case" *(Brenner v County of Rockland,* 67 AD2d 901; *see also, Rosen & Bardunias v County of Westchester,* 158 AD2d 679; *Matter of Covillion v Town of New Windsor,* 123 AD2d 763). Here, since the criminal charges had already been lodged and the criminal justice process commenced, any determination by the prosecutor to continue the case or to drop the charges enjoyed the shield of immunity. Pizzuto, J. P., Santucci, Joy and Florio, JJ., concur.