■ PETER TUMMINELLO, Appellant, v HAMLET DEVELOPMENT Co., Defendant, and STANLEY S. HARRISON et al., Respondents. (And a Third-Party Action.) [681 NYS2d 78] —In an action to recover damages for personal injuries, the plaintiff appeals (1), as limited by his brief, from so much of an order of the Supreme Court, Nassau County (O'Connell, J.), dated August 6, 1997, as granted the separate motions of the defendants Carol Lee Wieder, Arlene Wachtel, and Stanley Harrison for summary judgment dismissing the complaint insofar as asserted against them, and (2) from an order of the same court, dated January 6, 1998, which granted the motion of the defendants Arthur Talerman and Gloria Talerman for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order dated August 6, 1997, is affirmed insofar as appealed from; and it is further,

Ordered that the order dated January 6, 1998, is affirmed; and it is further,

Ordered that one bill of costs is awarded to the respondents appearing separately and filing separate briefs.

Contrary to the plaintiff's contention, he could not defeat the respondents' motions for summary judgment on the mere hope that evidence sufficient to defeat those motions may be uncovered during the discovery process (*see, Mazzaferro v Barterama Corp.,* 218 AD2d 643, 644).

Under the circumstances presented here, the respondents made a prima facie showing of entitlement to judgment as a matter of law by tendering sufficient evidence demonstrating the absence of any material issues of fact regarding liability for negligence or for violations of the Labor Law (*see, Winegrad v*

*New York Univ. Med. Ctr.,* 64 NY2d 851, 853; *Zuckerman v City of New York,* 49 NY2d 557, 562). The plaintiff failed to produce evidentiary proof in admissible form sufficient to raise a material question of fact, and, thus, the trial court properly granted the respondents' separate motions for summary judgment (*see, Zuckerman v City of New York, supra,* at 562). O'Brien, J. P., Pizzuto, Joy and Goldstein, JJ., concur.