RICHARD R. KONRAD et al., Appellants-Respondents, v INCORPORATED VILLAGE OF VALLEY STREAM et al., Respondents-Appellants. [705 NYS2d 77] —In an action, *inter alia,* for a judgment declaring that the defendants illegally changed the zoning classification of a certain parcel of property, and for damages for violation of 42 USC § 1983, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (DiNoto, J.), entered June 9, 1998, as denied their cross motion for partial summary judgment, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied that branch of their motion which was to dismiss the complaint pursuant to CPLR 3211 (a) (7).

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' motion which was to dismiss the plaintiffs' cause of action to recover damages for an alleged violation of 42 USC § 1983, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with costs to the defendants.

The plaintiff Richard R. Konrad owns a parcel of real property in the Incorporated Village of Valley Stream which is located adjacent to a factory. In 1992 the defendant Board of Trustees of the Incorporated Village of Valley Stream (hereinafter the Board) commenced an action against the owners of the factory seeking to enforce certain restrictions which had been imposed on the use of the property. On January 16, 1995, the Board enacted a resolution authorizing the execution of a stipulation settling the litigation against the factory owners. Under the terms of the stipulation of settlement, the certificate

of occupancy for the factory property was amended to reflect a "C-3" zone usage, and the prior restrictions on the use of the property were modified. The plaintiffs subsequently commenced this action seeking, *inter alia*, a judgment declaring that the change of zoning classification was illegal, and damages for an alleged violation of 42 USC § 1983.

The plaintiffs contend that the Supreme Court erred in denying their motion for partial summary judgment declaring invalid the stipulation of settlement which effectively changed the factory's zoning classification. We disagree. Contrary to the plaintiffs' claim, the court properly concluded that the Board did not exceed its authority by entering into the stipulation settling its action against the factory owners (*see,* Village Law § 4-412). Furthermore, the plaintiffs are not entitled to summary judgment declaring the stipulation invalid because there are unresolved factual issues as to whether the defendants complied with any applicable procedural requirements of the Village Law before entering into the agreement rezoning the property (*see,* Village Law § 7-706 [1]).

However, we find that the Supreme Court erred in denying that branch of the defendants' motion which was to dismiss the plaintiffs' cause of action to recover damages for an alleged violation of 42 USC § 1983. The plaintiffs' claim must be dismissed because they have not identified a protected interest under that statute (*see, Gagliardi v Village of Pawling,* 18 F3d 188, 191-192).

The parties' remaining contentions are without merit. Ritter, J. P., Altman, Krausman and McGinity, JJ., concur.