■ DANIEL DU CHATEAU, Appellant, v METRO-NORTH COMMUTER RAILROAD COMPANY et al., Respondents. [721 NYS2d 538] —Order, Supreme Court, New York County (Richard Lowe, III, J.), entered December 14, 1999, which, in an action for false arrest, malicious prosecution and intentional infliction of emotional distress arising out of plaintiff's arrest on a train owned by defendant commuter railroad for alleged harassment of a conductor, denied plaintiff's motion to vacate the dismissal of this action pursuant to CPLR 3404 and to restore the action to the calendar, unanimously affirmed, without costs.

Our examination of the record leads to the conclusion that plaintiff was unable to establish a right to have the action restored. Even where dismissal pursuant to CPLR 3404 is in

error, plaintiff has the burden to demonstrate that the action has merit (*see, Almanzar v Rye Ridge Realty Co.*, 249 AD2d 128, 129; *cf., Auerbach v Kaufman*, 173 AD2d 229), and plaintiff here is unable to do so. On a prior appeal taken by defendant railroad, this Court dismissed the false arrest and malicious prosecution claims against the railroad upon the ground that its liability, if any, was vicarious to that of the nonappearing conductor, and that the record showed no actionable conduct by the conductor (253 AD2d 128). Additionally, plaintiff's claims for intentional infliction of emotional distress are not viable in light of the findings on the prior appeal, precluding satisfaction of the requisite element of egregious or outrageous conduct on the part of defendants (*see, Cohn-Frankel v United Synagogue of Conservative Judaism*, 246 AD2d 332). Concur—Rosenberger, J. P., Nardelli, Ellerin, Saxe and Friedman, JJ.