■ R.A.C. GROUP, INC., et al., Respondents, v BOARD OF EDUCATION OF CITY OF NEW YORK, Appellant, et al., Defendants. [744 NYS2d 693] —In an action, inter alia, to recover damages for tortious interference with contract and a violation of plaintiffs' due process rights pursuant to 42 USC § 1983, the defendant Board of Education of the City of New York appeals, as limited by its brief, from so much of an order of the Supreme Court,

Kings County (Hutcherson, J.), dated February 1, 2001, as denied its motion to dismiss the complaint insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the Board of Education of the City of New York, and the action against the remaining defendants is severed.

The plaintiffs' first cause of action, which alleges tortious interference with contract by the defendant Board of Education of the City of New York, is barred by the plaintiffs' failure to timely file a notice of claim pursuant to Education Law § 3813 (2) and General Municipal Law § 50-e (*see Bib Constr. Co. v City of Poughkeepsie,* 273 AD2d 186, 187; *Nu-Life Constr. Corp. v Board of Educ. of City of N.Y.,* 204 AD2d 106, 107).

Moreover, because the plaintiffs failed to plead the existence of a specific policy or custom which deprived them of a constitutional right in violation of 42 USC § 1983, that cause of action must be dismissed as well (*see Holmberg v Sheriff's Off., County of Orange,* 279 AD2d 551; *Graham v City of New York,* 279 AD2d 435, 436; *Liu v New York City Police Dept.,* 216 AD2d 67, *cert denied* 517 US 1167; *Pang Hung Leung v City of New York,* 216 AD2d 10, 11). Smith, J.P., O'Brien, McGinity and Townes, JJ., concur.