■ INGRID WYLLIE, Respondent, v DISTRICT ATTORNEY OF COUNTY OF KINGS et al., Appellants. [770 NYS2d 110]—

In an action, inter alia, to recover damages for false arrest, the defendants District Attorney of County of Kings, District Attorney of County of Queens, Kevin Davitt, the City of New York, and John Does 1 through 50 appeal, as limited by their

brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated October 10, 2001, as denied without prejudice to renew after all discovery is complete their motion treated as one for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for leave to amend the complaint, and the defendants James Vergano and James Campbell separately appeal, as limited by their brief, from so much of the same order as denied without prejudice to renew after all discovery is complete that branch of their separate motion which was for summary judgment dismissing the complaint insofar as asserted against them and granted the plaintiff's cross motion for leave to amend the complaint.

Ordered that the order is modified (1) by deleting the provision thereof granting those branches of the cross motion which were for leave to amend the complaint and substituting therefor a provision granting the cross motion solely to the extent of granting leave to assert a cause of action pursuant to 42 USC § 1983 based on a deprivation of the fifth amended liberty interest against the defendants James Vergano and James Campbell, (2) by deleting the provision thereof denying the motion of the defendants District Attorney of County of Kings, District Attorney of County of Queens, Kevin Davitt, the City of New York, and John Does 1 through 50 treated as one for summary judgment dismissing the complaint insofar as asserted against them and substituting therefor a provision granting the motion, and (3) by deleting the provision thereof denying those branches of the motion of the defendants James Vergano and James Campbell which were for summary judgment dismissing the fifth (defamation) and seventh (intentional infliction of emotional distress) causes of action, and substituting therefor a provision granting those branches of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the defendants appearing separately and filing separate briefs.

On July 2, 1999, the defendants James Vergano and James Campbell (hereinafter the State defendants), who were court officers, arrested the plaintiff, then an Assistant District Attorney employed by the defendant District Attorney of County of Kings (hereinafter the Kings DA), after allegedly observing her attempt to steal money from a wallet not belonging to her, in a courtroom at the Kings County Criminal Court. The State defendants transported the plaintiff to the 84th Precinct, where she was fingerprinted and processed by employees of the police department of the defendant City of New York. The next day,

the defendants Kevin Davitt, a spokesperson for the Kings DA's Office, and the defendant John Doe No. 50, allegedly an official of the Kings DA, made statements regarding the plaintiff's arrest to the press. The defendant District Attorney of County of Queens conducted the prosecution, but the grand jury voted no true bill. The Kings DA suspended the plaintiff upon her arrest, and subsequently terminated her employment, after an internal investigation implicated her in other thefts.

After the plaintiff commenced this action and issue was joined, Vergano and Campbell moved, inter alia, for summary judgment dismissing the complaint, and the other defendants (hereinafter the municipal defendants) moved to dismiss the complaint, pursuant to CPLR 3211 (a) (7). In addition, the plaintiff cross-moved for leave to serve an amended complaint containing three new causes of action, the ninth, tenth, and eleventh, and a different eighth cause of action. Upon treating the municipal defendants' motion as one for summary judgment, the Supreme Court, inter alia, denied that branch of the State defendants' motion which was for summary judgment and the municipal defendants' motion for summary judgment without prejudice to renew after all discovery is complete, but granted the plaintiff's cross motion for leave to amend the complaint. The State defendants and the municipal defendants separately appeal. We modify.

The Supreme Court properly treated the municipal defendants' motion to dismiss as one for summary judgment (*see* CPLR 3211 [c]). However, the Supreme Court erred in denying summary judgment on the ground it was premature. Although determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent of the motion (*see* CPLR 3212 [f]), "[a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]; *see also Weltmann v RWP Group*, 232 AD2d 550, 551 [1996]; *Mazzaferro v Barterama Corp.*, 218 AD2d 643, 644 [1995]). The evidence sought by the plaintiff either was available to her or unnecessary considering the evidence contained in the record. Thus, the plaintiff's mere hope that further discovery would reveal the existence of triable issues of fact was insufficient to delay determination on the issue of summary judgment (*see Weltmann v RWP Group., supra; Mazzaferro Barterama Corp., supra; Pollock v City of New York*, 145 AD2d 550, 553 [1988]; *Kennerly v Campbell Chain Co.,*

*Campbell Chain Div. McGraw-Edison Co.,* 133 AD2d 669, 670 [1987]).

Turning to the merits of the specific causes of action, the State defendants demonstrated their entitlement to summary judgment on the first and third (false arrest and false imprisonment) causes of action by presenting evidence establishing that their arrest of the plaintiff was supported by probable cause (*see Broughton v State of New York,* 37 NY2d 451, 456-457 [1975], *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929 [1975]; *Zwecker v Clinch,* 279 AD2d 572, 573 [2001]; *Weyant v Okst,* 101 F3d 845, 852 [1996]). However, "the issue of probable cause is a question of law to be decided by the court only where there is no real dispute to the facts or the proper inferences to be drawn from such facts" (*Parkin v Cornell Univ.,* 78 NY2d 523, 529 [1991]; *see Veras v Truth Verification Corp.,* 87 AD2d 381, 384 [1982], *affd* 57 NY2d 947 [1982]; *Weingarten v Halfpenny Auto Parts,* 138 AD2d 373, 374 [1988]). Here, the plaintiff's grand jury testimony gave a different account of the occurrences preceding her arrest, and was sufficient to raise triable issues of fact whether the State defendants acted with probable cause.

The municipal defendants met their burden of demonstrating entitlement to summary judgment on the first (false arrest) cause of action, by showing that only the State defendants were involved in the plaintiff's arrest. Since the plaintiff failed to raise questions of fact regarding the involvement of any City employee in her arrest, that cause of action should have been dismissed insofar as asserted against the defendants John Does 1 through 10. Furthermore, since John Does 21 through 30, who were alleged to be employees of the City's police department, were entitled to rely on the police report filed by Vergano, they had probable cause to detain the plaintiff and the third (false imprisonment) cause of action was properly dismissed as against them and the City (*see generally Kracht v Town of Newburgh,* 245 AD2d 424, 425 [1997]; *Minott v City of New York,* 203 AD2d 265, 267 [1994]).

The State defendants demonstrated their entitlement to summary judgment on the second (assault and battery) cause of action by demonstrating the reasonableness of their conduct in arresting and transporting the plaintiff. Likewise, the municipal defendants demonstrated that no City employee had physical contact with the plaintiff during her detention at the criminal courthouse. Since an assault and battery cause of action may be based on contact during an unlawful arrest (*see Johnson v Suffolk County Police Dept.,* 245 AD2d 340, 341 [1997]; *Gantt v County of Nassau,* 234 AD2d 338, 339 [1996]), the questions of

fact regarding whether the plaintiff's arrest was supported by probable cause also preclude summary judgment on the cause of action for assault and battery as against the State defendants. However, the plaintiff failed to rebut the municipal defendants' showing, and this cause of action should have been dismissed as against them.

The fourth (malicious prosecution) cause of action should have been dismissed because a prosecutor is absolutely immune for actions taken within the scope of his or her official duties in initiating and pursuing a criminal prosecution and in presenting the State's case (*see Johnson v Kings County Dist. Attorney's Off.*, 308 AD2d 278, 285 [2003]; *Shapiro v Town of Clarkstown,* 238 AD2d 498, 500 [1997]; *Matter of Covillion v Town of New Windsor,* 123 AD2d 763, 764 [1986]; *Brenner v Rockland County,* 67 AD2d 901 [1979]).

Since the complaint failed to set forth the allegedly defamatory words of the Kings DA, John Does 41 through 49, and the State defendants or to whom they were spoken, the fifth (defamation) cause of action should have been dismissed against those defendants (*see* CPLR 3016 [a]; *Sirianni v Rafaloff,* 284 AD2d 447, 448 [2001]; *Gill v Pathmark Stores,* 237 AD2d 563, 564 [1997]; *Acosta v Fidelity N.Y.,* 227 AD2d 424 [1996]). The alleged defamatory statements of Davitt, as spokesperson for the Kings DA, and John Doe 50, to the extent he was an official of the Kings DA, were subject to the "common interest" privilege, "which arises when a person makes a bona fide communication upon a subject in which he or she has an interest, or a legal, moral, or social duty to speak, and the communication is made to a person having a corresponding duty or interest" (*Paskiewicz v National Assn. for Advancement of Colored People,* 216 AD2d 550, 551 [1995]). Here, Davitt's and John Doe 50's statements to the press regarding the plaintiff's arrest were qualifiedly privileged (*see Chase v Grilli,* 127 AD2d 728, 729 [1987]; *see also Ruda v State of New York,* 279 AD2d 463 [2001]; *Santavicca v City of Yonkers,* 132 AD2d 656 [1987]). The record belies any claim of malice and the plaintiff's conclusory assertion that there were triable issues of fact regarding malice and that additional discovery was required are insufficient to overcome the privilege (*see Shover v Instant Whip Processors,* 240 AD2d 560, 561 [1997]; *Paskiewicz v National Assn. for Advancement of Colored People, supra; Baumblatt v Battalia,* 134 AD2d 226, 229 [1987]). Accordingly, the defamation action should also have been dismissed as against Davitt and John Doe 50 (*see Chase v Grilli, supra; Santavicca v City of Yonkers, supra*).

The sixth (wrongful suspension and termination) cause of action should have been dismissed, inasmuch as the plaintiff failed to present evidence to rebut the Kings DA's showing that she was an at-will employee (*see Murphy v American Home Prods. Corp.,* 58 NY2d 293, 302-303 [1983]; *Riccardi v Cunningham,* 291 AD2d 547, 548 [2002]; *Gill v Pathmark Stores, supra).* The seventh (intentional infliction of emotional distress) cause of action should have been dismissed insofar as asserted against the Kings DA, the Queens DA, and the City because "public policy bars claims sounding in intentional infliction of emotional distress against a governmental entity" (*Lauer v City of New York,* 240 AD2d 543, 544 [1997]; *see also Dillon v City of New York,* 261 AD2d 34, 41 [1999]; *Wheeler v State of New York,* 104 AD2d 496, 498 [1984]). The plaintiff limits her claim of emotional distress to the defendants' actions surrounding her arrest and subsequent detention. However, since the evidence submitted by the defendants demonstrated that the occurrences surrounding the plaintiff's arrest and detention did not constitute "extreme and outrageous conduct, which so transcends the bounds of decency as to be regarded as atrocious and intolerable in a civilized society" (*Murphy v County of Nassau,* 203 AD2d 339, 341 [1994]; *see also Du Chateau v Metro-North Commuter R.R. Co.,* 281 AD2d 250, 251 [2001]), this cause of action also should have been dismissed as against the State defendants (*see Misek-Falkoff v Keller,* 153 AD2d 841, 842 [1989]).

The Supreme Court improvidently exercised its discretion in granting the plaintiff's motion for leave to serve an amended complaint with respect to the eighth, tenth, and eleventh causes of action and the ninth cause of action insofar as asserted against the City (*see generally Whitney-Carrington v New York Methodist Hosp.,* 289 AD2d 326, 327 [2001]; *Noanjo Clothing v L & M Kids Fashion,* 207 AD2d 436, 437 [1994]).

Since the eighth cause of action in the amended complaint merely alleged a violation of the Fourth Amendment and the eleventh cause of action in the amended complaint merely alleged a violation of the plaintiff's rights under the federal constitution, those causes of action were insufficient to plead an action pursuant to 42 USC § 1983 (*see Konrad v Incorporated Vil. of Val. Stream,* 270 AD2d 459, 460 [2000]; *Matter of Pokoik v Department of Health Servs., County of Suffolk,* 237 AD2d 368, 369 [1997]; *Incorporated Vil. of Ocean Beach v Maker Water Taxi,* 201 AD2d 704 [1994]; *see also Sonds v St. Barnabas Hosp. Correctional Health Servs.,* 151 F Supp 2d 303, 308 [2001]). The tenth cause of action in the amended complaint failed to allege selective treatment based on a protected class. Thus, it failed to

plead an equal protection claim pursuant to 42 USC § 1983 (see *W.J.F. Realty Corp. v Town of Southampton,* 261 AD2d 609 [1999]; *Plyler v Doe,* 457 US 202, 216 [1982]; *Crowley v Courville,* 76 F3d 47, 52-53 [1996]).

Finally, regarding the ninth cause of action pursuant to 42 USC § 1983, based on a deprivation of her Fifth Amendment liberty interest, the plaintiff's failed to allege that a custom or policy deprived her of her right. Thus, the plaintiff failed to establish the merits of this cause of action against the City itself (see *R.A.C. Group v Board of Educ. of City of N.Y.,* 295 AD2d 489 [2002]; *Mann v Alvarez,* 242 AD2d 318, 319-320 [1997]). The plaintiff also failed to establish the merits of this cause of action against the City's employees, since, as set forth above, the false arrest and false imprisonment causes of action should have been dismissed as against them. However, the Supreme Court properly granted leave to serve an amended complaint with respect to the ninth cause of action pursuant to 42 USC § 1983 based on a deprivation of a Fifth Amendment liberty interest as against the State defendants (cf. *Zwecker v Clinch, supra* at 573).

In light of our determination, we do not reach the parties' remaining contentions. Florio, J.P., Friedmann, Cozier and Mastro, JJ., concur.