■ PAUL CAHILL, Appellant, v COUNTY OF NASSAU et al., Respondents. [793 NYS2d 190]—

In an action, inter alia, to recover damages for malicious prosecution and defamation, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated March 4, 2004, as granted the motion of the defendants County of Nassau, the Nassau County District Attorney, and the Nassau County Office of Consumer Affairs for summary judgment dismissing the complaint insofar as asserted against them and granted those branches of the separate motion of the defendant Robert LoRusso which were for summary judgment dismissing all causes of action insofar as asserted against him except for the cause of action alleging defamation.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the County of Nassau, the Nassau County District Attorney, and the Nassau County Office of Consumer Affairs.

The plaintiff performed home improvements on the Nassau County residence of the defendant Robert LoRusso in 1998. After a dispute arose concerning the cost of the project and the

quality of the workmanship, LoRusso filed a complaint with the Nassau County Office of Consumer Affairs (hereinafter the Office of Consumer Affairs). An investigation by that agency revealed that the plaintiff did not have a license to operate a home improvement business in Nassau County as required by Local Law No. 6 (1970) of County of Nassau. The matter was referred to the Nassau County District Attorney (hereinafter the District Attorney) and the plaintiff was convicted of a misdemeanor offense. The prosecution was reported in Newsday. The conviction was reversed on appeal because the information upon which it was based was not signed or verified. Thereafter, the plaintiff brought this action, inter alia, to recover damages for malicious prosecution and defamation.

The defendants established their entitlement to summary judgment dismissing the malicious prosecution cause of action by demonstrating that the plaintiff's underlying criminal conviction was not terminated in his favor (*see MacFawn v Kresler,* 88 NY2d 859 [1996]; *De Cicco v Madison County,* 300 AD2d 706 [2002]). Moreover, there was no evidence of LoRusso's overt involvement in encouraging or importuning the District Attorney to criminally prosecute the matter such that he could be held liable for malicious prosecution (*see Paisley v Coin Device Corp.,* 5 AD3d 748 [2004]; *Mesiti v Wegman,* 307 AD2d 339 [2003]; *Du Chateau v Metro-North Commuter R.R. Co.,* 253 AD2d 128 [1999]). In any event, the evidence demonstrated that probable cause existed for the plaintiff's prosecution, and that malice did not motivate the criminal proceeding. The plaintiff failed to raise a triable issue in this regard and the Supreme Court properly dismissed this cause of action.

The Supreme Court also properly granted summary judgment dismissing the defamation cause of action insofar as asserted against the County of Nassau, the District Attorney, and the Office of Consumer Affairs (hereinafter the County defendants). The County defendants established the truth of the allegedly defamatory statements, an absolute defense to a defamation claim (*see Dillon v City of New York,* 261 AD2d 34 [1999]). In any event, the statements were made by the District Attorney in his official capacity, rendering them absolutely privileged (*see Ruda v State of New York,* 279 AD2d 463 [2001]). Even if the statements were not made as part of the District Attorney's official duties, they were entitled to qualified privilege and were not actionable in the absence of malice (*see Wyllie v District Attorney of County of Kings,* 2 AD3d 714 [2003]; *Chase v Grilli,* 127 AD2d 728 [1987]). In opposition, the plaintiff failed to raise a triable issue of fact.

The plaintiff's remaining contentions are without merit. Ritter, J.P., Goldstein, Luciano and Mastro, JJ., concur.