■ JASON LAMBERT, Plaintiff, v DONALD BRACCO, JR., Respondent, et al., Defendant, and ANTHONY LAZARO, Appellant. [795 NYS2d 662]—

In an action to recover damages for personal injuries, the defendant Anthony Lazaro appeals from so much of an order of the Supreme Court, Kings County (Hubsher, J.), dated July 6, 2004, as granted that branch of the defendant Donald Bracco, Jr.'s motion which was for summary judgment dismissing the defendant Anthony Lazaro's cross claims insofar as asserted against him.

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiff commenced this action to recover damages for personal injuries he allegedly sustained during an accident involving three vehicles. The plaintiff testified at his examination before trial that a vehicle driven by the defendant Calix Jose Oswaldo hit a vehicle driven by the defendant Donald Bracco, Jr. Moments later, a vehicle driven by the defendant Anthony Lazaro, in which the plaintiff was a passenger, hit Oswaldo's vehicle. Based on this testimony and his own affidavit to the same effect, the Supreme Court granted Bracco's motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against him. Lazaro appeals from so much of the order as dismissed his cross claims insofar as asserted against Bracco. We affirm.

The evidence Bracco submitted in support of his motion dem-

onstrated, prima facie, that he was not at fault in the happening of the accident (*see Velazquez v Denton Limo, Inc.*, 7 AD3d 787 [2004]; *Flood v New York City Tr. Auth.*, 6 AD3d 655 [2004]; *Hollis v Kellog*, 306 AD2d 244 [2003]; *Ziminski v Rosenthal*, 276 AD2d 790 [2000]). In opposition, Lazaro failed to raise a triable issue of fact.

Lazaro also failed to establish that the motion should have been denied pending discovery. Although determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent (*see* CPLR 3212 [f]), "[a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]; *see Wyllie v District Attorney of County of Kings*, 2 AD3d 714 [2003]). A party's mere hope that further discovery will reveal the existence of triable issues of fact is insufficient to delay determination on the issue of summary judgment (*see Wyllie v District Attorney of County of Kings, supra; Weltmann v RWP Group*, 232 AD2d 550 [1996]). Here, Lazaro was present during the relevant events, and could have submitted his own affidavit (*see Gillinder v Hemmes*, 298 AD2d 493 [2002]). He failed to demonstrate an evidentiary basis to suggest that additional disclosure might lead to relevant evidence. Thus, the Supreme Court properly granted that branch of Bracco's motion which was for summary judgment dismissing Lazaro's cross claims insofar as asserted against him. S. Miller, J.P., Ritter, Goldstein and Lifson, JJ., concur.