■ LOWAYNE WILLIAMS, Respondent, v D & J SCHOOL BUS, INC., et al., Defendants, and CITY OF NEW YORK, et al., Defendants/Third-Party Plaintiffs-Appellants. UNITED TRANSIT, INC., et al., Third-Party Defendants-Respondents. [893 NYS2d 133]—

The defendants/third-party plaintiffs City of New York and Board of Education of the City of New York (hereinafter together the City defendants) cross-moved, inter alia, for summary judgment dismissing the complaint and all cross claims insofar as asserted against them, arguing that they did not control, operate, or manage the school bus involved in the plaintiff's accident. In support of the cross motion, the City defendants submitted the deposition testimony of their employee, who stated that she located certain assignment agreements that purportedly assigned the contract governing the use and operation of the school bus that struck the plaintiff to the third-party defendant United Transit, Inc. As the Supreme Court correctly concluded, however, since the original contract governing the use and operation of the subject school bus was not produced in the course of discovery, or submitted in connection with the cross motion, evidence regarding an assignment of the contract was insufficient to establish, prima facie, that the City defendants did not maintain any control over the bus such that they could avoid liability under the theory that it was operated by an independent contractor (see generally Chainani v Board of Educ. of City of N.Y., 87 NY2d 370 [1995]). Accordingly, that branch of the City defendants' cross motion which was for summary judgment dismissing the claim alleging that they were negligent in the operation of the bus was properly denied, regardless of the sufficiency of the opposing papers (see Alvarez v Prospect Hosp., 68 NY2d 320 [1986]).

Furthermore, the Supreme Court properly granted the motion of the third-party defendants United Transit, Inc., and USA United Fleet, Inc., for summary judgment dismissing the third-party complaint. The third-party defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting the affidavit of their owner, Dennis Scialpi, who stated that the third-party defendants did not employ the defendant bus driver Joseph Scully on the date that Scully was involved in the subject accident, nor did they own, operate, or maintain the bus involved in the subject accident. Scialpi also averred in his affidavit that the assignment agreements referred to by the City defendants were not relevant to the school bus involved in the plaintiff's accident. In opposition, the City defendants failed to raise a triable issue of fact as to whether the third-party defendants had any involvement in this matter, merely arguing that their motion was premature, and that a de-

position of Scialpi was necessary. While determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent (*see* CPLR 3212 [f]), "[a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence" (*Ruttura & Sons Constr. Co. v Petrocelli Constr.*, 257 AD2d 614, 615 [1999]; *see Wyllie v District Attorney of County of Kings*, 2 AD3d 714, 717 [2003]). A party's mere hope that further discovery will reveal the existence of a triable issue of fact is insufficient to delay determination of the motion (*see Wyllie v District Attorney of County of Kings*, 2 AD3d at 717; *Weltmann v RWP Group*, 232 AD2d 550 [1996]). Here, as the Supreme Court correctly held, the City defendants failed to provide an evidentiary basis for their assertion that further discovery would lead to additional relevant evidence (*see Lambert v Bracco*, 18 AD3d 619, 620 [2005]). Rivera, J.P., Miller, Leventhal and Chambers, JJ., concur.