■ In the Matter of LINDA BURKHARDT, Appellant, v WILLIAM LINDSAY et al., Respondents. [903 NYS2d 917]—

In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Suffolk County (Whelan, J.), dated May 8, 2009, which denied the petition and dismissed the proceeding.

Ordered that the order is affirmed, with costs.

The petitioner was employed as a Senior Legislative Aide to the Presiding Officer of the Suffolk County Legislature from February 3, 1986, until she retired from service on March 1, 2008. The petitioner alleges that she was forced into retirement and constructively terminated from her position on January 9, 2008, based upon her age and her political affiliation. On February 24, 2009, the petitioner attempted to serve a late notice of claim upon the respondents, which was rejected. The petitioner subsequently commenced this proceeding for leave to serve a late notice of claim. The Supreme Court denied the petition and dismissed the proceeding. We affirm.

In determining whether to grant such a petition, the Supreme Court was required to consider whether (1) there was a reasonable excuse for the delay in serving the notice of claim, (2) the respondents acquired actual knowledge of the essential facts constituting the petitioner's claims within 90 days of the accrual of those claims or a reasonable time thereafter, and (3) the

delay in serving the notice of claim would result in substantial prejudice to the respondents defending on the merits (*see* General Municipal Law § 50-e [5]; *Matter of Mounsey v City of New York*, 68 AD3d 998 [2009]; *Matter of Felice v Eastport/South Manor Cent. School Dist.*, 50 AD3d 138 [2008]).

Here, the petitioner failed to present a reasonable excuse for failing to timely serve a notice of claim (*see Matter of Formisano v Eastchester Union Free School Dist.*, 59 AD3d 543, 544 [2009]). In addition, the petitioner failed to demonstrate that the respondents acquired actual knowledge of the essential facts constituting her claims within 90 days of the accrual of those claims or a reasonable time thereafter (*see Shapiro v Town of Clarkstown*, 238 AD2d 498, 499 [1997]). Finally, the petitioner failed to establish that the delay in serving the notice of claim would not result in substantial prejudice to the respondents defending on the merits (*see Matter of Wright v City of New York*, 66 AD3d 1037, 1039 [2009]; *Matter of Catuosco v City of New York*, 62 AD3d 995, 997 [2009]; *Matter of Deegan v City of New York*, 227 AD2d 620 [1996]). Under these circumstances, the Supreme Court providently exercised its discretion in denying the petition and dismissing the proceeding. Rivera, J.P., Covello, Balkin and Hall, JJ., concur.