In an action to recover damages for legal malpractice, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Putnam County (O’Rourke, J.), dated August 17, 2009, as granted that branch of the plaintiffs’ motion which was for summary judgment on the issue of liability.
Ordered that the order is affirmed insofar as appealed from, with costs.
“In an action to recover damages for legal malpractice, a plaintiff must demonstrate that the attorney failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession and that the attorney’s breach of this duty proximately caused plaintiff to sustain actual and ascertainable damages” (Rudolf v Shayne, Dachs, Stanisci, Corker & Sauer, 8 NY3d 438, 442 [2007] [internal quotation marks omitted]). “To establish causation, a plaintiff must show that he or she would have prevailed in the underlying action or would not have incurred any damages, but for the lawyer’s negligence” (id. at 442).
Here, the plaintiffs made a prima facie showing of their entitlement to judgment as a matter of law on the issue of li *536 ability (see CPLR 3212 [b]; Yiouti Rest, v Sotiriou, 151 AD2d 744, 745 [1989]). In support of their motion, the plaintiffs submitted an expert affirmation of an attorney establishing that the defendant Justin N. Lite failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession by, among other things, advising the plaintiffs to default in a lawsuit commenced against them in California and advising them that a default judgment obtained in California would not be enforceable in New York, a clearly incorrect statement of the law (see Logalbo v Plishkin, Rubano & Baum, 163 AD2d 511 [1990]; Yiouti Rest, v Sotiriou, 151 AD2d at 745). The plaintiffs’ submissions also established that, but for the defendants’ malpractice, they would have succeeded in defending the underlying claim. In opposition, the defendants failed to raise a triable issue of fact (see Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]).
Moreover, while determination of a summary judgment motion may be delayed to allow for further discovery where evidence necessary to oppose the motion is unavailable to the opponent (see CPLR 3212 [fj), “[a] determination of summary judgment cannot be avoided by a claimed need for discovery unless some evidentiary basis is offered to suggest that discovery may lead to relevant evidence” (Ruttura & Sons Constr. Co. v Petrocelli Constr., 257 AD2d 614, 615 [1999]; see Williams v D & J School Bus, Inc., 69 AD3d 617, 619 [2010]; Wyllie v District Attorney of County of Kings, 2 AD3d 714, 717 [2003]). The defendants failed to provide an evidentiary basis for their assertion that further discovery would lead to additional relevant evidence (see Lambert v Braceo, 18 AD3d 619, 620 [2005]).
Accordingly, that branch of the plaintiffs’ motion which was for summary judgment on the issue of liability was properly granted. Dillon, J.P, Miller, Eng and Chambers, JJ., concur.