■ RONALD SANTAVICCA, Appellant, v CITY OF YONKERS et al., Respondents.—In an action to recover damages for defamation, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Isseks, J.), dated January 15, 1986, which, inter alia, granted the motion of the defendants Yonkers Public Schools and Joan M. Raymond, joined in by the defendant City of Yonkers, to dismiss the complaint.

Ordered that the order and judgment is affirmed, with costs.

The plaintiff was the head football coach at Yonkers High School from 1977 until mid-August 1983, when he resigned. On September 24, 1983, a Yonkers High School student died while participating in a football game. After his death, it was revealed that the required physical examination had not been performed, nor had parental consent been obtained prior to the student's participation.

Joan M. Raymond, the Yonkers Superintendent of Schools, and a defendant herein, conducted an investigation of the incident, which led to the issuance of several letters of reprimand, one of which was addressed to the plaintiff and placed in his personnel file. The letter asserted that the plaintiff failed to observe the required rules and regulations for the operation of the interscholastic athletic program at Yonkers High School during his tenure as varsity football coach. However, the letter made no mention of responsibility for the student's death. On September 28, 1983, a press conference was held at which the Superintendent stated, without specifically naming any individuals, inter alia, that she would

officially reprimand each member of the coaching staff who had not followed the required procedures.

Based upon the letter of reprimand and the statements to the press, the plaintiff instituted this action, alleging that these statements were false and defamatory. The defendants moved to dismiss the complaint, and the motion was granted on the grounds that the defendants enjoyed absolute immunity and that the Superintendent's letter and statements were made in the course of discharging her responsibilities.

Absolute immunity from liability for defamation is afforded to " 'an official [who] is a principal executive of State or local government or is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension' *(Stukuls v State of New York,* 42 NY2d 272, 278), with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties (see *Sheridan v Crisona,* 14 NY2d 108, 113; *Lombardo v Stoke,* 18 NY2d 394)" *(Clark v McGee,* 49 NY2d 613, 617).

In the case at bar, it is readily apparent that, in accordance with Education Law § 2566, the Superintendent was acting well within her duty and power to supervise and direct school district employees, and to enforce the rules and regulations pertaining to matters of interscholastic activities when she wrote the letter of reprimand, and she was, therefore, protected by absolute privilege.

However, we cannot agree that the Superintendent was cloaked with an absolute privilege when she made the statements to the press. Nevertheless, we find that she was protected by a qualified privilege.

A qualified privilege arises when a person makes a bona fide communication upon a subject in which he or she has an interest, or a legal, moral, or social duty to speak, and the communication is made to a person having a corresponding interest or duty *(see, Byam v Collins,* 111 NY 143, 150), Under the circumstances in the case at bar, the Superintendent's statements to the press were protected by a qualified privilege because of the interest in providing the public with information as to what steps were being taken to prevent a reoccurrence of the tragic incident involving a student's death.

To overcome the defense of qualified privilege, the plaintiff must offer evidentiary facts that the defendants were motivated by malice *(see, Shapiro v Health Ins. Plan,* 7 NY2d 56). The plaintiff has failed to meet this burden.

We have reviewed the plaintiff's remaining contentions and find them to be without merit. Bracken, J. P., Niehoff, Kooper and Sullivan, JJ., concur.