■ WALTER LEE, Appellant-Respondent, v CITY OF ROCHESTER et al., Respondents, and GANNETT ROCHESTER NEWSPAPERS, Respondent-Appellant. [600 NYS2d 564] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: After a police investigation of a shooting at the Club Bedrock bar, an article appeared in the Times-Union newspaper published by Gannett Rochester Newspapers (Gannett), relating that, according to defendant Paul Chechak (Chechak), a police officer employed by defendant City of Rochester (City), the bar had been closed

about four years earlier "because of a drunken-driving accident in which the former owner lost his liquor license. The bar * * * used to be called Cisco's". Plaintiff, the former owner and operator of the bar called Cisco's, brought this defamation action against defendants, asserting that he had never been involved in a drunken driving accident, that he had never lost his liquor license and that he had never been charged with driving while intoxicated. Supreme Court granted Gannett's motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) and the motion of defendants Chechak and the City for summary judgment, pursuant to CPLR 3212.

In support of their motion, Chechak and the City contended that Chechak had a qualified privilege and that plaintiff had failed to show that Chechak's statements were motivated by malice. The threshold question is whether Chechak's statements, as reported, were protected by a qualified privilege. "A qualified privilege arises when a person makes a bona fide communication upon a subject in which he or she has an interest, or a legal, moral, or social duty to speak, and the communication is made to a person having a corresponding interest or duty (see, Byam v Collins, 111 NY 143, 150)" (Santavicca v City of Yonkers, 132 AD2d 656, 657; see also, Toker v Pollak, 44 NY2d 211, 219).

On the record before us, it cannot be said, as a matter of law, whether Chechak's statements were protected by a qualified privilege. Not every statement made to a newspaper reporter by a police officer in the course of an investigation is protected by a qualified privilege. If Chechak's statements included gratuitous and irrelevant references to the prior incident at Cisco's, then the statements are not protected by a qualified privilege (see, Cheatum v Wehle, 5 NY2d 585, 594; Bingham v Gaynor, 203 NY 27). Although it is undisputed that Chechak's statements were made in response to a reporter's question, the content of those statements is disputed, as is the question whether reference to a prior incident was germane to the shooting being investigated by the police. Those are questions of fact that must be resolved before it can be determined whether a qualified privilege existed, which is a question of law. Thus, Chechak and the City are not entitled to summary judgment.

Gannett's motion to dismiss, pursuant to CPLR 3211 (a) (2), was also improperly granted. Because plaintiff is a private figure and the article was arguably within the sphere of legitimate public concern, Gannett's liability depends upon

whether plaintiff can establish that Gannett failed to "utilize methods of verification that are reasonably calculated to produce accurate copy (see *Chapadeau v Utica Observer-Dispatch,* 38 NY2d 196 * * *)" *(Karaduman v Newsday, Inc.,* 51 NY2d 531, 549; *see also, Gaeta v New York News,* 62 NY2d 340, 348-350; *Mitchell v Herald Co.,* 137 AD2d 213, 216, *appeal dismissed* 72 NY2d 952). The complaint alleges that Gannett was grossly irresponsible in failing to use methods of verification reasonably calculated to ensure accurate copy. For the purposes of Gannett's motion, that allegation must be deemed true, and plaintiff is entitled to the benefit of all reasonable inferences that flow therefrom *(see, Sanders v Winship,* 57 NY2d 391, 394). Gannett's conclusory assertion that it was entitled to rely on Chechak's statements does not respond to or negate the allegation of gross irresponsibility in the complaint, especially in light of the affidavit of Chechak in which he denies the accuracy of the statements attributed to him *(see, Karaduman v Newsday, Inc., supra).*

Finally, Gannett's application for sanctions was properly denied. Sanctions are appropriate when an action is "commenced or continued in bad faith without any reasonable basis in law or fact" (CPLR 8303-a [c] [ii]; *see, Mitchell v Herald Co., supra,* at 218). We conclude that plaintiff's action does not fall within that category. (Appeals from Order of Supreme Court, Monroe County, Wisner, J.—Summary Judgment.) Present—Green, J. P., Pine, Lawton, Boomer and Boehm, JJ.