■ STEPHEN J. PASKIEWICZ, Respondent, v NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE et al., Appellants. [628 NYS2d 405] —In an action to recover damages for defamation, the defendants appeal from (1) so much of an order of the Supreme Court, Suffolk County (Gowan, J.), dated November 4, 1993, as denied that branch of their motion which was for summary judgment dismissing the plaintiff's second cause of action for libel, and (2) an order of the same court, dated April 13, 1994 which denied their motion for reargument.

Ordered that the appeal from the order dated April 13, 1994 is dismissed, as no appeal lies from an order denying reargument; and it is further,

Ordered that the order dated November 4, 1993, is reversed insofar as appealed from, on the law, the branch of the motion which was for summary judgment dismissing the plaintiff's second cause of action for libel is granted, and the complaint is dismissed in its entirety; and it is further,

Ordered that the defendants are awarded one bill of costs

The plaintiff is an assistant principal at Riverhead Senior High School in Suffolk County. In January 1992, the plaintiff, acting at the request of the Riverhead Police Department, recruited seven black students to participate as "stand-ins" in a police lineup. The plaintiff's actions in soliciting the students to participate in the lineup subsequently came under criticism from the parents of the students involved and from other members of the community. At a Board of Education meeting conducted in the wake of the incident, the defendant Mary Killoran, in her capacity as president of the Eastern Long Island Branch of the National Organization for the Advancement of Colored People, stated that members of the black community

believed the plaintiff had acted in a racist manner. In addition, in a letter to the Riverhead Superintendent of Schools, Killoran reported that she had been informed that the plaintiff was "placing himself in a position to be * * * menacing to several of the young males involved in the 'mistake lineup' ". The libel cause of action is predicated upon Killoran's written accusation that the plaintiff menaced the students who participated in the lineup.

On appeal, the defendants contend that the Supreme Court erred in denying their motion to dismiss the plaintiff's libel cause of action. We agree. Even assuming that Killoran's statement was susceptible of a defamatory meaning, it is undisputed that the comment was protected by a qualified privilege, which arises when a person makes a bona fide communication upon a subject in which he or she has an interest, or a legal, moral, or social duty to speak, and the communication is made to a person having a corresponding interest or duty (see, Lee v City of Rochester, 195 AD2d 1000; Santavicca v City of Yonkers, 132 AD2d 656). Once a qualified privilege is shown to exist, the burden of proof shifts to the plaintiff to offer evidentiary facts to establish that the communication was made in bad faith and was motivated solely by malice (see, Liberman v Gelstein, 80 NY2d 429; Kamerman v Kolt, 210 AD2d 454; Santavicca v City of Yonkers, supra). Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege (see, Kamerman v Kolt, supra; Hollander v Cayton, 145 AD2d 605). Here, the plaintiff failed to present sufficient proof to sustain his burden of establishing that Killoran acted with malice, and has not demonstrated how further discovery might reveal the existence of material facts, currently within the exclusive knowledge and control of the defendants, which would warrant the denial of summary judgment (see, CPLR 3212 [f]; Delaney v Good Samaritan Hosp., 204 AD2d 678; Kracker v Spartan Chem. Co., 183 AD2d 810). Accordingly, the branch of the defendants' motion which was for summary judgment dismissing the plaintiff's second cause of action for libel should have been granted. Balletta, J. P., O'Brien, Altman and Krausman, JJ., concur.