■ GEORGE H. SHOVER, Appellant, v INSTANT WHIP PROCESSORS, INC., et al., Respondents. [658 NYS2d 661] —In an action, *inter alia*, to recover damages for prima facie tort, the plaintiff appeals from an order of the Supreme Court, Nassau County (Alpert, J.), dated June 24, 1996, which granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with one bill of costs.

In his verified complaint, the plaintiff alleged, *inter alia*, that the defendant Instant Whip Processors, Inc. knowingly made false statements about him, and that this constituted a prima facie tort. The Supreme Court granted the defendants' respective motions for summary judgment dismissing the complaint insofar as asserted against them finding that the statements attributed to the defendants were protected by a qualified privilege. We agree.

A qualified privilege arises when a party makes a bona fide communication upon a subject in which he or she has an interest, or a legal, moral, or social duty to speak, and the communication is made to a person having a corresponding interest or duty (*see, Paskiewicz v National Assn. for Advancement of Colored People*, 216 AD2d 550; *Lee v City of Rochester*, 195 AD2d 1000; *Santavicca v City of Yonkers*, 132 AD2d 656). Once a qualified privilege is shown to exist, the burden of proof shifts to the plaintiff to offer evidentiary facts to establish that the communication was made in bad faith and was motivated solely by malice (*see, Liberman v Gelstein*, 80 NY2d 429; *Kamerman v Kolt*, 210 AD2d 454; *Santavicca v City of Yonkers, supra*). Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat a claim of qualified privilege (*see, Kamerman v Kolt, supra; Hollander v Cayton*, 145 AD2d 605).

In this case, the plaintiff failed to present sufficient proof to sustain his burden of establishing that the defendants acted with malice to defeat their qualified privilege, and has not

demonstrated how further discovery might reveal the existence of material facts, currently within the exclusive knowledge and control of the defendants, which would warrant the denial of their motions for summary judgment (*see, Paskiewicz v National Assn. for Advancement of Colored People, supra*).

The plaintiff's remaining contentions are either unpreserved for appellate review or without merit. Bracken, J. P., Rosenblatt, Ritter and Luciano, JJ., concur.