■ ISAAK I. HALEGOUA, Appellant, v VINCENT W. DOYLE, Respondent. [669 NYS2d 611] —In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Cannavo, J.), entered March 4, 1997, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) a judgment of the same court, entered April 15, 1997, dismissing the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondent is awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff commenced this action to recover damages for allegedly defamatory statements contained in a letter written by the defendant concerning allegedly negligent care rendered

by the plaintiff to the defendant's father during a hospital stay. The letter was written to the New York State Office of Medical Conduct, with copies to the president of the hospital, the chairman of the hospital, the father's personal physician, and an attorney, with whom the defendant had consulted for legal advice concerning the matter.

The statements contained in the letter were protected by a qualified privilege since the defendant had an interest in the subject of the statements and the letter was only published to persons with a corresponding interest (*see, Stukuls v State of New York*, 42 NY2d 272, 278-279; *Shover v Instant Whip Processors*, 240 AD2d 560; *Paskiewicz v National Assn. for Advancement of Colored People*, 216 AD2d 550). Moreover, the plaintiff did not raise a triable issue of fact as to whether the statements in question were made with malice (*see, Liberman v Gelstein*, 80 NY2d 429, 439).

The plaintiff's remaining contentions are without merit. Thompson, J. P., Joy, Florio and Luciano, JJ., concur.