■ NORMAN GOLDEN, Appellant, v CHARLES STISO et al., Respondents. [720 NYS2d 164] —In an action to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Suffolk County (Floyd, J.), dated March 17, 2000, which granted the defendants' motion for summary judgment dismissing the complaint, and (2) a judgment of the same court entered June 19, 2000, which, upon the order, dismissed the complaint.

Ordered that the appeal from the order is dismissed; and it is further,

Ordered that the judgment is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248). The issues raised on appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

"A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest (*see, Liberman v Gelstein,* 80 NY2d 429, 437). However, the shield provided by a qualified privilege can be pierced by a showing that the defendant acted with malice (*see, Liberman v Gelstein, supra,* at 437). Once a qualified privilege is shown to exist, the burden of proof shifts to the plaintiff to establish that the communication was not made in good faith but was motivated solely by malice (*see, Liberman v Gelstein, supra*). Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege (*see, Hollander v Cayton,* 145 AD2d 605, 606; *Garson v Hendlin,* 141 AD2d 55, 63-64)" (*Kamerman v Kolt,* 210 AD2d 454, 455). The communications at issue were entitled to a qualified privilege, and that the plaintiff failed to raise a triable issue of fact with respect to whether the communications were motivated solely by malice. Thus, summary judgment was properly granted in favor of the defendants. Ritter, J. P., Friedmann, H. Miller and Feuerstein, JJ., concur.