JOHN PHELAN, Appellant, v HUNTINGTON TRI-VILLAGE LITTLE LEAGUE, INC., et al., Respondents. [868 NYS2d 737]—

The plaintiff, a little league baseball coach, alleges that he was defamed by the defendants when the defendant John Zammillo, the umpire in chief of the defendant Huntington Tri-Village Little League, Inc. (hereinafter HTV), wrote a letter to the Director of the Huntington Department of Parks and Recreation (hereinafter the Director) complaining of, among other things, the plaintiff's "unacceptable and despicable language and behavior" at a little league baseball game while the plaintiff was attempting to eject two HTV affiliated teams from the field so that his non-HTV affiliated team could begin its game at the scheduled time. The plaintiff alleges that the letter constituted libel and/or libel per se because in addition to being a little league baseball coach, he is employed by the Town of Huntington, and the allegedly defamatory letter injured the plaintiff in his trade, business, and/or profession as it was sent to one of his supervisors, i.e., the Director. The plaintiff alleges that the defendants sent the letter in retaliation for his services to a more successful non-HTV affiliated little league team which was causing a diminution in HTV membership and revenue.

The defendants moved for summary judgment dismissing the complaint on the ground, inter alia, that the statements were privileged and not damaging to the plaintiff's integrity or reputation in his occupation. The plaintiff opposed the motion and cross-moved to compel discovery, arguing that he made sufficient allegations of malice to warrant further discovery on the issue and to thus preclude the granting of summary judgment.

The Supreme Court granted the defendants' motion for summary judgment and denied the plaintiff's motion to compel discovery, finding, inter alia, that the defendants were entitled to a qualified privilege because Zammillo's statements were made to a group with whom he had a corresponding interest, and further that the plaintiff failed to raise a triable issue of fact with respect to the issue of malice on the part of the defendants. We affirm.

A qualified privilege extends to a " 'communication made by one person to another upon a subject in which both have an interest' " (*Liberman v Gelstein*, 80 NY2d 429, 437 [1992], quot-

ing *Stillman v Ford*, 22 NY2d 48, 53 [1968]). However, where the plaintiff can demonstrate that the communication made by the defendant was not made in good faith but was motivated solely by malice, the protection provided by the qualified privilege will be inapplicable (*see Liberman v Gelstein*, 80 NY2d at 437-439). " 'Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege' " (*Golden v Stiso*, 279 AD2d 607, 608 [2001], quoting *Kamerman v Kolt*, 210 AD2d 454, 455 [1994]). The communications at issue were entitled to a qualified privilege, and the plaintiff failed to raise a triable issue of fact with respect to whether the communications were motivated solely by malice. Additionally, the plaintiff "has not demonstrated how further discovery might reveal the existence of material facts, currently within the exclusive knowledge and control of the defendants, which would warrant the denial of their motions for summary judgment" (*Shover v Instant Whip Processors*, 240 AD2d 560, 560-561 [1997]; *see La Scala v D'Angelo*, 104 AD2d 930, 931 [1984]). Accordingly, the Supreme Court properly awarded summary judgment in favor of the defendants and denied the plaintiff's motion to compel discovery.

The plaintiff's remaining contentions either are without merit or have been rendered academic. Skelos, J.P., Fisher, Santucci and Carni, JJ., concur. [*See* 16 Misc 3d 1138(A), 2007 NY Slip Op 51729(U).]