■ David Bernacchi et al., Appellants, v County of Suffolk et al., Respondents, et al., Defendants. [988 NYS2d 663]—

In an action to recover damages for defamation, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Gazzillo, J.), dated May 18, 2012, as granted the motion of the defendants County of Suffolk and Steve Levy for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with costs.

In 2006 David Bernacchi, a self-described "dog-lover," formed Lucky Fund, Inc. (hereinafter Lucky Fund), a not-for-profit corporation designed to facilitate his animal rescue efforts. In creating Lucky Fund, Bernacchi converted certain rooms in his home into a shelter for dogs that "would have otherwise been

put down." In 2007 officers from the Suffolk County Police Department entered the shelter, seized the dogs, and arrested Bernacchi for animal cruelty. Following the arrest and seizure, the defendant Steve Levy, then the County Executive of Suffolk County, and others, made certain statements to reporters regarding the seizure and the arrest.

After the charges against Bernacchi were dropped, he and Lucky Fund (hereinafter together the plaintiffs), commenced this action alleging that the statements made by Levy and others to the reporters constituted defamation. According to the plaintiffs, the statements at issue, essentially that the plaintiffs were stealing pets off the street and selling them for profit, were false, led to a barrage of criticism, ruined Bernacchi's reputation within the animal rescue community, and destroyed his legitimate animal rescue operation. Levy and the County of Suffolk (hereinafter together the County defendants) moved for summary judgment dismissing the complaint insofar as asserted against them. The Supreme Court, concluding that the challenged statements were protected by a qualified privilege and that the plaintiffs failed to raise a triable issue of fact as to whether they were made with malice, granted the motion and dismissed the complaint insofar as asserted against the County defendants.

A qualified privilege extends to a " 'communication made by one person to another upon a subject in which both have an interest' " (*Liberman v Gelstein*, 80 NY2d 429, 437 [1992], quoting *Stillman v Ford*, 22 NY2d 48, 53 [1968]; *see Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d 503, 504-505 [2008]; *Golden v Stiso*, 279 AD2d 607, 608 [2001]). However, where a plaintiff can demonstrate that the communication made by the defendant was not made in good faith but was motivated solely by malice, the protection provided by the qualified privilege will be inapplicable (*see Liberman v Gelstein*, 80 NY2d at 437-439; *Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d at 505). " 'Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege' " (*Golden v Stiso*, 279 AD2d at 608, quoting *Kamerman v Kolt*, 210 AD2d 454, 455 [1994]; *see Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d at 505; *Shover v Instant Whip Processors*, 240 AD2d 560, 560 [1997]).

Here, the County defendants demonstrated their prima facie entitlement to judgment as a matter of law by presenting evidence that the challenged statements were protected by a qualified privilege. In opposition to this showing, the plaintiffs, as

the Supreme Court properly found, failed to raise a triable issue of fact with respect to whether the statements were motivated solely by malice (see *Liberman v Gelstein*, 80 NY2d at 437; *Golden v Stiso*, 279 AD2d at 608; *Shover v Instant Whip Processors*, 240 AD2d at 560). In addition, the plaintiffs, contrary to their contention, did not demonstrate how further discovery might reveal the existence of material facts, currently within the exclusive knowledge and control of the County defendants, which would warrant the denial of their motion for summary judgment (see *Broich v McGann*, 92 AD3d 710, 711 [2012]; *Phelan v Huntington Tri-Vil. Little League, Inc.*, 57 AD3d at 505; *Shover v Instant Whip Processors*, 240 AD2d at 560-561; *Paskiewicz v National Assn. for Advancement of Colored People*, 216 AD2d 550, 551 [1995]). Accordingly, the Supreme Court properly granted the motion of the County defendants for summary judgment dismissing the complaint insofar as asserted against them. Rivera, J.P., Chambers, Cohen and Miller, JJ., concur.