Franco Belli Plumbing & Heating & Sons, Inc. v Dimino (2018 NY Slip Op 06083)





Franco Belli Plumbing & Heating & Sons, Inc. v Dimino


2018 NY Slip Op 06083


Decided on September 19, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 19, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
BETSY BARROS
ANGELA G. IANNACCI, JJ.


2016-04935
2016-06225
 (Index No. 10280/12)

[*1]Franco Belli Plumbing and Heating and Sons, Inc., respondent, 
v
Charles A. Dimino, et al., appellants.


Milber Makris Plousadis & Seiden, LLP, Woodbury, NY (Sarah M. Ziolkowski of counsel), for appellants.
Terrence O'Connor, P.C., Bronx, NY (Terrence J. O'Connor and Edmond R. Shinn of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for libel, the defendants appeal from two orders of the Supreme Court, Kings County (Bernadette Bayne, J.), dated March 2, 2016, and May 25, 2016, respectively. The order dated March 2, 2016, denied the defendants' motion for summary judgment dismissing the complaint and granted the plaintiff's cross motion pursuant to CPLR 3126 to impose sanctions on the defendants for spoliation of evidence. The order dated May 25, 2016, denied the defendants' motion for leave to amend their answer.
ORDERED that the order dated March 2, 2016, is reversed, on the law, on the facts, and in the exercise of discretion, the defendants' motion for summary judgment dismissing the complaint is granted, and the plaintiff's cross motion pursuant to CPLR 3126 to impose sanctions on the defendants for spoliation of evidence is denied; and it is further,
ORDERED that the appeal from the order dated May 25, 2016, is dismissed as academic, in light of our determination on the appeal from the order dated March 2, 2016; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
In March 2006, the plaintiff entered into a contract with Bovis Lend Lease LMB, Inc. (hereinafter Bovis), to install plumbing and gas pipes as part of the construction of a new school located in the Bronx. Bovis was retained by the New York City School Construction Authority (hereinafter the SCA) as the general contractor for the project. The plaintiff completed its work in July 2008. In May of 2011, an odor of gas was detected at the school. On or about June 3, 2011, the New York City Department of Education (hereinafter the DOE) contacted the defendant Charles A. Dimino, Inc. (hereinafter CDI), and requested that it inspect and repair the gas piping system at the school. In a letter dated June 20, 2011 (hereinafter the letter), the defendant Charles A. Dimino (hereinafter Dimino, and together with CDI, the defendants), the owner of CDI, advised the DOE that the defendants were in the process of "removing the leaking joints and making the necessary repairs," and that the "only explanation of why so many leaks are present is that the workmanship [*2]was poor, and that the threads were made improperly." Dimino also noted that "[l]ampwick, which is not permitted on gas, was used to make up for this deficiency."
On July 15, 2011, the SCA issued the plaintiff an unsatisfactory rating and disqualified it from bidding, contracting, and subcontracting on any future SCA project for a period of five years. In response, the plaintiff requested that the SCA hold a hearing concerning the unsatisfactory rating and disqualification. A hearing at which the plaintiff was represented by counsel was held on September 21, 2011, and February 1, 2012. On March 12, 2012, following the hearing, the SCA issued a decision adhering to its earlier determination. It emphasized that after evaluating "all the testimony and exhibits presented by both the SCA and [the plaintiff] . . . [t]he Panel concurs with the SCA's position that the primary culprit of those gas pipe leaks at [the school] were caused by substandard work and the use of lamp wick in the joints of the gas pipes."
In May 2012, the plaintiff commenced this action against the defendants asserting causes of action alleging libel, injurious falsehood, and tortious interference with business relations. The defendants subsequently moved for summary judgment dismissing the complaint. The plaintiff cross-moved pursuant to CPLR 3126 to impose sanctions on the defendants for spoliation of evidence. By order dated March 2, 2016, the Supreme Court denied the defendants' motion and granted the plaintiff's cross motion. The defendants subsequently moved for leave to amend their answer to include the affirmative defense of collateral estoppel, which was denied by order of that court dated May 25, 2016. The defendants appeal from both orders.
The Supreme Court erred in denying the defendants' motion for summary judgment dismissing the complaint. A "libel action cannot be maintained unless it is premised on published assertions of fact" (Brian v Richardson, 87 NY2d 46, 51; see Mann v Abel, 10 NY3d 271, 276; Crescendo Designs, Ltd. v Reses, 151 AD3d 1015, 1016). " The elements of a cause of action [to recover damages] for defamation are a false statement, published without privilege or authorization to a third party, constituting fault as judged by, at a minimum, a negligence standard, and it must either cause special harm or constitute defamation per se'" (Martino v HV News, LLC, 114 AD3d 913, 913, quoting Epifani v Johnson, 65 AD3d 224, 233). "The common-interest privilege arises where a person makes a bona fide communication upon a subject in which he and the recipient both have an interest" (Diorio v Ossining Union Free School Dist., 96 AD3d 710, 712; see Liberman v Gelstein, 80 NY2d 429, 437). "However, where the plaintiff can demonstrate that the communication made by the defendant was not made in good faith but was motivated solely by malice, the protection provided by the qualified privilege will be inapplicable" (Phelan v Huntington Tri-Vil. Little League, Inc., 57 AD3d 503, 505; see Liberman v Gelstein, 80 NY2d at 437-439). "Malice in this context has been interpreted to mean spite or a knowing or reckless disregard of a statement's falsity" (Rosenberg v MetLife, Inc., 8 NY3d 359, 365).
Contrary to the plaintiff's contention, the defendants made a prima facie showing that the challenged statements were protected by the qualified common-interest privilege (see Galanova v Safir, 138 AD3d 686, 687-688; Melious v Besignano, 125 AD3d 727, 729; Bayer v City of New York, 60 AD3d 713, 714; Phelan v Huntington Tri-Vil. Little League, Inc., 57 AD3d at 505). The evidence in the record demonstrated that the letter, which does not reference the plaintiff by name, was written by Dimino at the request of the DOE, and that the defendants did not identify the plumbing company that installed the gas piping at the school. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the challenged statements were motivated solely by malice (see Galanova v Safir, 138 AD3d at 687-688; Colantonio v Mercy Med. Ctr., 135 AD3d 686, 691; Segall v Sanders, 129 AD3d 819, 821; Bayer v City of New York, 60 AD3d at 714; Phelan v Huntington Tri-Vil. Little League, Inc., 57 AD3d at 505). " Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege'" (Golden v Stiso, 279 AD2d 607, 608, quoting Kamerman v Kolt, 210 AD2d 454, 455; see Bernacchi v County of Suffolk, 118 AD3d 931, 932). Although the plaintiff disputes that its workmanship was poor and that it used lamp wick in the gas pipes at the school, the plaintiff failed to submit sufficient evidence to support its claims that the defendants made the statements for the purposes of justifying the cost of their repair work and eliminating the plaintiff as a competitor.
For these same reasons, the defendants demonstrated their prima facie entitlement to judgment as a matter of law dismissing the cause of action alleging injurious falsehood. In opposition, the plaintiff failed to raise a triable issue of fact as to whether the defendants made false statements, maliciously and with the intent to harm it, or recklessly and without regard to their consequences (see Newport Serv. & Leasing, Inc. v Meadowbrook Distrib. Corp., 18 AD3d 454, 455; Gilliam v Richard M. Greenspan, P.C., 17 AD3d 634, 635). In addition, the defendants established, prima facie, that they did not tortiously interfere with the plaintiff's business relations. In opposition, the plaintiff failed to raise a triable issue of fact as to whether Dimino made the alleged defamatory statements in the letter for the sole purpose of harming the plaintiff or by using unlawful means (see Baldeo v Majeed, 150 AD3d 942, 945; MVB Collision, Inc. v Progressive Ins. Co., 129 AD3d 1040, 1040; Meyer v Staten Is. Univ. Hosp., 117 AD3d 920, 921).
Accordingly, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint.
Furthermore, the Supreme Court improvidently exercised its discretion in granting the plaintiff's cross motion pursuant to CPLR 3126 to impose sanctions on the defendants for spoliation of evidence. " Under the common-law doctrine of spoliation, when a party negligently loses or intentionally destroys key evidence, the responsible party may be sanctioned under CPLR 3126'" (Samaroo v Bogopa Serv. Corp., 106 AD3d 713, 713, quoting Holland v W.M. Realty Mgt., Inc., 64 AD3d 627, 629). " [T]he Supreme Court has broad discretion in determining what, if any, sanction should be imposed for spoliation of evidence' and may, under appropriate circumstances, impose a sanction even if the destruction occurred through negligence rather than wilfulness, and even if the evidence was destroyed before the spoliator became a party, provided the spoliator was on notice that the evidence might be needed for future litigation'" (Doviak v Finkelstein & Partners, LLP, 137 AD3d 843, 846, quoting Biniachvili v Yeshivat Shaare Torah, Inc., 120 AD3d 605, 606). "As the party seeking sanctions for spoliation, the plaintiff was required to demonstrate that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim . . . such that the trier of fact could find that the evidence would support that claim'" (Saeed v City of New York, 156 AD3d 735, 737, quoting Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d 543, 547; see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d 1031, 1032). "Where the evidence is determined to have been intentionally or wilfully destroyed, the relevancy of the destroyed [evidence] is presumed. On the other hand, if the evidence is determined to have been negligently destroyed, the party seeking spoliation sanctions must establish that the destroyed [evidence was] relevant to the party's claim or defense" (Pegasus Aviation I, Inc. v Varig Logistica S.A., 26 NY3d at 547-548 [citation omitted]). Here, it was undisputed that the gas pipes installed by the plaintiff that purportedly contained lamp wick and improper threads were not preserved. Although that evidence was relevant to the plaintiff's claims, the plaintiff failed to establish that it was the defendants who discarded that evidence and that the defendants had an obligation to preserve the evidence at the time the evidence was destroyed (see Golan v North Shore-Long Is. Jewish Health Sys., Inc., 147 AD3d at 1033; Gaoming You v Rahmouni, 147 AD3d 729, 730). Under the circumstances of this case, the obligation to preserve the pipes would be on the SCA or the DOE, not the defendants. Accordingly, the court should have denied the plaintiff's cross motion to impose sanctions on the defendants for spoliation of evidence.
In light of our determination, the appeal from the order dated May 25, 2016, has been rendered academic.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.

2016-04935 DECISION & ORDER ON MOTION
2016-06225
Franco Belli Plumbing and Heating and Sons, Inc.,
respondent, v Charles A. Dimino, et al., appellants.
(Index No. 10280/12)

Motion by the respondent on appeals from two orders of the Supreme Court, Kings County, dated March 2, 2016, and May 25, 2016, respectively, inter alia, to strike sections I(A) and III of the appellants' brief on the grounds that the arguments in those sections improperly raise issues for the first time on appeal and the arguments in section I(A) refer to matter dehors the record. By decision and order on motion of this Court dated December 12, 2016, those branches of the motion which are to strike sections I(A) and III of the appellants' brief were held in abeyance and referred to the panel of Justices hearing the appeals for determination upon the argument or submission thereof.
Upon the papers filed in support of the motion and the papers filed in opposition thereto, and upon the argument of the appeals, it is
ORDERED that those branches of the respondent's motion which are to strike sections I(A) and (III) of the appellants' brief are denied.
MASTRO, J.P., ROMAN, BARROS and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court