Udeogalanya v Kiho (2019 NY Slip Op 01251)





Udeogalanya v Kiho


2019 NY Slip Op 01251


Decided on February 20, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 20, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
FRANCESCA E. CONNOLLY, JJ.


2016-08270
2016-09022
 (Index No. 601712/13)

[*1]Veronica Udeogalanya, appellant,
v
Kim Kiho, et al., respondents.


Chidi Eze, Brooklyn, NY, for appellant.
Devitt Spellman Barrett, LLP, Smithtown, NY (John M. Denby and Theodore Sklar of counsel), for respondents.



DECISION & ORDER
In an action, inter alia, to recover damages for defamation, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Jerome C. Murphy, J.), dated June 10, 2016, and (2) a judgment of the same court dated July 11, 2016. The order granted the defendants' motion pursuant to CPLR 4401, made at the close of the plaintiff's case, for judgment as a matter of law dismissing the complaint. The judgment, upon the order, is in favor of the defendants and against the plaintiff dismissing the complaint.
ORDERED that the appeal from the order is dismissed; and it is further,
ORDERED that the judgment is affirmed; and it is further,
ORDERED that one bill of costs is awarded to the defendants.
The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of the judgment in the action (see Matter of Aho, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (see CPLR 5501[a][1]).The parties are members of the faculty of the School of Business at Medgar Evers College (hereinafter MEC), a college of the City University of New York (hereinafter CUNY). The plaintiff commenced this action alleging that each of the defendants sent an email defaming her to other faculty and staff within the School of Business. The content of the emails related to the quality or legitimacy of the plaintiff's doctoral degree, and included statements that she did not have a recognized Ph.D., that her degree was not genuine, and that it was purchased from a diploma mill. After the close of the plaintiff's presentation of evidence at trial, the defendants moved pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint. The Supreme Court granted the motion on the grounds that the plaintiff was required, but had failed, to file a notice of claim, and that the plaintiff had failed to prove that the challenged statements were published. The plaintiff appeals, and we affirm, albeit on a ground different from that relied upon by the Supreme Court.
CPLR 4401 authorizes a defendant to move to dismiss the complaint on the ground [*2]that he or she is entitled to judgment as a matter of law following the close of the plaintiff's evidence at trial. Such a motion may be granted when the trial court determines that, upon the evidence presented, there is no rational process by which the jury could find in favor of the plaintiff (see Szczerbiak v Pilat, 90 NY2d 553, 556; Speredowich v Long Is. R.R. Co., 164 AD3d 855, 856). In considering such a motion, "the trial court must afford the [plaintiff] every inference which may properly be drawn from the facts presented, and the facts must be considered in a light most favorable to the [plaintiff]" (Szczerbiak v Pilat, 90 NY2d at 556; see Speredowich v Long Is. R.R. Co., 164 AD3d at 856).
Service of a notice of claim within 90 days after accrual is a condition precedent to the commencement of a tort action against a college of the City University of New York or any of its employees to the extent that the employee was acting in the discharge of his or her duties within the course of his or her employment (see Education Law § 6224[1]; General Municipal Law § 50-e[1][a]; West v City of New York, 143 AD3d 810, 811; Brinkley v City Univ. of N.Y., 92 AD2d 805, 806). Here, affording the plaintiff the benefit of every favorable inference (see Szczerbiak v Pilat, 90 NY2d at 556), a juror could reasonably conclude that the challenged statements were not made in the course of the defendants' duties within the scope of their employment. There was evidence that certain of the statements were not made in the context of any official reappointment, promotion, or performance-related determination. Therefore, we do not agree with the Supreme Court's determination that the defendants were entitled to judgment as a matter of law dismissing the complaint on the ground that the plaintiff did not file a notice of claim.
We also disagree with the Supreme Court's determination granting the defendants' motion for judgment as a matter of law dismissing the complaint on the ground that the plaintiff had failed to prove that the challenged statements were published to a third party, a necessary element of a defamation claim (see Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d 1309, 1311; Stone v Bloomberg L.P., 163 AD3d 1028, 1029). Contrary to the defendants' contention, viewed in the light most favorable to the plaintiff, as the nonmoving party (see Szczerbiak v Pilat, 90 NY2d at 556), the plaintiff adduced sufficient evidence from which the jury could reasonably conclude that each of the emails was published to the addressees (see Kennedy v Butler, Inc., 245 NY 204, 207; Wolosin v Campo, 256 AD2d 332, 333; cf. Weidman v Ketcham, 278 NY 129, 132-133).
However, we agree with the defendants' contention, raised as an alternative ground for affirmance (see Parochial Bus Sys. v Board of Educ. of City of N.Y., 60 NY2d 539, 545), that the challenged statements were protected by a qualified privilege. A qualified privilege extends to a communication made by one person to another upon a subject in which both have an interest (see Liberman v Gelstein, 80 NY2d 429, 437; Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d at 1311-1312). The privilege does not apply where the plaintiff can demonstrate that the communication was not made in good faith, but was motivated solely by malice, meaning, in this context, "spite or a knowing or reckless disregard of a statement's falsity" (Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d at 1311 [internal quotation marks omitted]; see Bernacchi v County of Suffolk, 118 AD3d 931, 932). However, "[m]ere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege" (Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d at 1312 [internal quotation marks omitted]; see Bernacchi v County of Suffolk, 118 AD3d at 932).
Here, based on the plaintiff's evidence, the challenged statements concerned a matter in which the defendants and the recipients of the defendants' emails had a common interest, namely, the academic reputation and integrity of the School of Business and its faculty (see Anas v Brown, 269 AD2d 761, 763). Contrary to the plaintiff's contention, accepting her evidence as true and affording her every favorable inference which may be properly drawn from it (see Szczerbiak v Pilat, 90 NY2d at 556), that evidence does not support a reasonable conclusion that the challenged statements were motivated solely by malice.
Accordingly, we agree with the Supreme Court's granting of the defendants' motion pursuant to CPLR 4401 for judgment as a matter of law dismissing the complaint.
In light of our determination, the defendants' contentions regarding additional alternative grounds for affirmance need not be reached.
MASTRO, J.P., ROMAN, COHEN and CONNOLLY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court