Panek v Brantner (2023 NY Slip Op 03636)

Panek v Brantner

2023 NY Slip Op 03636

Decided on June 30, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 30, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., CURRAN, MONTOUR, AND OGDEN, JJ.

504 CA 22-00725

[*1]RAYMOND PANEK, PLAINTIFF-RESPONDENT,
v
MICHELLE BRANTNER, MARCELLUS CENTRAL SCHOOL DISTRICT AND MARCELLUS CENTRAL SCHOOL DISTRICT BOARD OF EDUCATION, DEFENDANTS-APPELLANTS. 

COSTELLO, COONEY & FEARON, PLLC, SYRACUSE (DONALD S. DIBENEDETTO OF COUNSEL), FOR DEFENDANTS-APPELLANTS. 
LEWIS G. SPICER, SYRACUSE, FOR PLAINTIFF-RESPONDENT. 

 Appeal from an order of the Supreme Court, Onondaga County (Gerard J. Neri, J.), entered April 5, 2022. The order, insofar as appealed from, denied in part defendants' motion for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is granted in its entirety and the complaint is dismissed.
Memorandum: Plaintiff commenced this action against defendants Marcellus Central School District, Marcellus Central School District Board of Education (school board), and Michelle Brantner, the superintendent, asserting causes of action for defamation and intentional infliction of emotional distress. The complaint alleged, inter alia, that Brantner defamed plaintiff when speaking to members of a high school cross-country team after plaintiff had been dismissed as their coach. Following discovery, defendants moved for summary judgment dismissing the complaint, contending, in relevant part, that Brantner's statements to the students were covered by an absolute privilege. Supreme Court denied the motion to the extent that it sought dismissal of the defamation cause of action. We agree with defendants that the court should have dismissed the defamation cause of action.
"The absolute privilege defense affords complete immunity from liability for defamation to an official [who] is a principal executive of State or local government . . . with respect to statements made during the discharge of those responsibilities about matters which come within the ambit of those duties" (Spring v County of Monroe, 169 AD3d 1384, 1385 [4th Dept 2019] [internal quotation marks omitted]; see Clark v McGee, 49 NY2d 613, 617 [1980]). Here, plaintiff does not dispute that Brantner, as superintendent, is a government official to whom the absolute privilege would apply (see Sindoni v Board of Educ. of Skaneateles Central School Dist., — AD3d &mdash, 2023 NY Slip Op 03102 [4th Dept 2023]; Santavicca v City of Yonkers, 132 AD2d 656, 657 [2d Dept 1987]). The question presented is whether Brantner was acting within the scope of her duties as superintendent when she met with members of the cross-country team in a classroom before school to discuss plaintiff's termination.
We conclude that, contrary to the court's determination, Brantner's statements were made during the course of the performance of her duties as a school superintendent and were about matters within the ambit of those responsibilities. Brantner testified at her deposition that the school board asked her to speak with the students, who had appeared at school board meetings demanding to know why plaintiff had been fired, and plaintiff offered no evidence to the contrary. In any event, even assuming, arguendo, that Brantner decided on her own to meet with the students, we conclude that she was acting within the scope of her duties when making the statements. Although Education Law § 1711, which outlines the general powers and duties of [*2]school superintendents, does not specifically authorize superintendents to meet with students, the statute is not an exhaustive list delineating every action that a school superintendent is permitted to engage in, and the absence from the statute of a reference to a particular category of action does not mean that it is unauthorized. In our view, a school superintendent does not act ultra vires when speaking to students in a school setting about a matter related to their education or extracurricular activities. Consequently, Brantner's statements were absolutely privileged and the defamation cause of action must be dismissed.
Entered: June 30, 2023
Ann Dillon Flynn
Clerk of the Court