Riggio v County of Nassau (2023 NY Slip Op 03714)

Riggio v County of Nassau

2023 NY Slip Op 03714

Decided on July 5, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 5, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
JOSEPH J. MALTESE
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2021-05127
 (Index No. 607753/20)

[*1]Faith Riggio, appellant, 
v
County of Nassau, et al., respondents.

Levine & Blit, PLLC, New York, NY (Russell S. Moriarty of counsel), for appellant.
Thomas A. Adams, County Attorney, Mineola, NY (Robert F. Van der Waag of counsel; Haejin Park on the brief), for respondents.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Nassau County (Diccia T. Pineda-Kirwan, J.), entered June 16, 2021. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In March 2019, the plaintiff was arrested at her home. In the days thereafter, the defendant Laura Curran, the then Nassau County Executive, made statements to news media regarding the enforcement of laws and the distribution of illegal drugs. The plaintiff, who asserts that she never distributed drugs, claims that Curran was referring to the plaintiff in these statements. The plaintiff thereafter commenced this action against Curran and the defendant County of Nassau, alleging defamation. The defendants moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered June 16, 2021, the Supreme Court granted the motion. The plaintiff appeals.
"'The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se'" (Bowen v Van Bramer, 205 AD3d 674, 674-675, quoting Greenberg v Spitzer, 155 AD3d 27, 41; see Emby Hosiery Corp. v Tawil, 196 AD3d 462, 463-464; Kasavana v Vela, 172 AD3d 1042, 1044). "Since falsity is a necessary element of a defamation cause of action and only 'facts' are capable of being proven false, 'it follows that only statements alleging facts can properly be the subject of a defamation action'" (Gross v New York Times Co., 82 NY2d 146, 152-153, quoting 600 W. 115th St. Corp. v Von Gutfeld, 80 NY2d 130, 139; see Bowen v Van Bramer, 205 AD3d at 675). However, "an opinion that 'implies that it is based upon facts which justify the opinion but are unknown to those reading or hearing it, . . . is a mixed opinion and is actionable'" (Davis v Boeheim, 24 NY3d 262, 269, quoting Steinhilber v Alphonse, 68 NY2d 283, 289 [internal quotation marks omitted]; see Kasavana v Vela, 172 AD3d at 1045).
Here, construing the complaint liberally and accepting the facts alleged therein as true (see Board of Mgrs. v Brightwater Towers Condominium v Vitebsky, 207 AD3d 694), the plaintiff has alleged that a reasonable reader or listener would have understood the subject statements as referring to her (see Udell v NYP Holdings, Inc., 169 AD3d 954, 956) and that they were at least a [*2]mixed statement of opinion and were therefore actionable (but see Bowen v Van Bramer 205 AD3d at 675-676; Kasavana v Vela, 172 AD3d at 1047).
Absolute privilege protects communications made by "individuals participating in a public function, such as judicial, legislative, or executive proceedings" in order to "ensure that their own personal interests—especially fear of a civil action, whether successful or otherwise—do not have an adverse impact upon the discharge of their public function" (Stega v New York Downtown Hosp., 31 NY3d 661, 669 [internal quotation marks omitted]; see Gugliotta v Wilson, 168 AD3d 817, 818). Accordingly, "'[a]bsolute privilege is based upon the personal position or status of the speaker and is limited to the speaker's official participation in the processes of government'" (Gugliotta v Wilson, 168 AD3d at 818, quoting Park Knoll Assoc. v Schmidt, 59 NY2d 205, 209; see Gottlieb v Colonel, 180 AD3d 877, 879).
Absolute privilege protects "'an official [who] is a principal executive of State or local government or is entrusted by law with administrative or executive policy-making responsibilities of considerable dimension'" (Clark v McGee, 49 NY2d 613, 617, quoting Stukuls v State of New York, 42 NY2d 272, 278; see Spring v County of Monroe, 169 AD3d 1384, 1385; Santavicca v City of Yonkers, 132 AD2d 656, 657). Here, since it is clear that Curran made the subject statements while acting in her role as the Nassau County Executive and regarding her duties in that role (see Schell v Dowling, 240 AD2d 721), the Supreme Court correctly determined that the statements were protected by absolute privilege and directed dismissal of the complaint on that basis.
In light of the foregoing, we need not reach the plaintiff's remaining contention.
DILLON, J.P., MALTESE, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court