Ryan v Collica-Cox (2023 NY Slip Op 04148)

Ryan v Collica-Cox

2023 NY Slip Op 04148

Decided on August 2, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 2, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER
BARRY E. WARHIT, JJ.

2021-06638
 (Index No. 55063/20)

[*1]Joseph Ryan, etc., appellant,
v
Kimberly Collica-Cox, etc., respondent.

Sussman and Associates, Goshen, NY (Michael H. Sussmann and Jonathan Goldman of counsel), for appellant.
Bond, Schoeneck & King, PLLC, Syracuse, NY (Daniel J. Pautz and Laura Harshbarger of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Westchester County (Charles D. Wood, J.), dated August 26, 2021. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In May 2020, the plaintiff, a tenured professor at Pace University, commenced this action against the defendant, another professor at Pace University, to recover damages for defamation. The plaintiff alleged that the defendant made defamatory comments about him in connection with an investigation of the plaintiff conducted by Pace University. The defendant moved for summary judgment dismissing the complaint. The plaintiff opposed. In an order dated August 26, 2021, the Supreme Court granted the defendant's motion, concluding that the alleged defamatory statements were protected by a qualified privilege and that the plaintiff failed to raise a triable issue of fact as to whether the statements were motivated by either common-law malice or actual malice. The plaintiff appeals.
"The elements of a cause of action [to recover damages] for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Porges v Weitz, 205 AD3d 13, 17 [internal quotation marks omitted]; see Braunstein v Day, 195 AD3d 589, 589). "An allegedly defamatory statement is subject to a qualified privilege when it is fairly made by a person in the discharge of some public or private duty, legal or moral, or in the conduct of his [or her] own affairs, in a matter where his [or her] interest is concerned" (Braunstein v Day, 195 AD3d at 589-590 [internal quotation marks omitted]; see Stega v New York Downtown Hosp., 31 NY3d 661, 669-670; Porges v Weitz, 205 AD3d at 18). A "common interest" privilege "extends to a communication made by one person to another upon a subject in which both have an interest" (Liberman v Gelstein, 80 NY2d 429, 437 [internal quotation marks omitted]). To defeat this qualified privilege, "the plaintiff may show either common-law malice, i.e., spite or ill will, or may show actual malice, i.e., knowledge of falsehood of the statement or reckless disregard for the [*2]truth" (Laguerre v Maurice, 192 AD3d 44, 49 [internal quotation marks omitted]; see Liberman v Gelstein, 80 NY2d at 438-439).
Here, the defendant established, prima facie, that the alleged defamatory statements she made in the course of the investigation into the allegations against the plaintiff by Pace University were entitled to a qualified common interest privilege (see Liberman v Gelstein, 80 NY2d at 437; Porges v Weitz, 205 AD3d at 18; Bernacchi v County of Suffolk, 118 AD3d 931, 932). In opposition, the plaintiff failed to raise a triable issue of fact with respect to whether the statements were motivated by either common-law malice or actual malice (see Liberman v Gelstein, 80 NY2d at 438-439; Porges v Weitz, 205 AD3d at 19-20; Braunstein v Day, 195 AD3d at 590).
In addition, contrary to the plaintiff's contention, he did not demonstrate how further discovery might reveal the existence of material facts, currently within the exclusive control of the defendant, which would warrant the denial of the defendant's motion for summary judgment (see Bernacchi v County of Suffolk, 118 AD3d at 933; Phelan v Huntington Tri-Vil. Little League, Inc., 57 AD3d 503, 505).
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
DUFFY, J.P., CONNOLLY, CHRISTOPHER and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court