McGann v Amthor (2026 NY Slip Op 01047)

McGann v Amthor

2026 NY Slip Op 01047

Decided on February 25, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 25, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
MARK C. DILLON
LINDA CHRISTOPHER
CARL J. LANDICINO, JJ.

2024-06158
 (Index No. 297/22)

[*1]Lindsay McGann, appellant,
vArnold W. Amthor, respondent.

Sussman & Associates, Goshen, NY (Michael H. Sussman of counsel), for appellant.
Portale Randazzo LLP, White Plains, NY (James A. Randazzo and Drew W. Sumner of counsel), for respondent.

DECISION & ORDER
In an action to recover damages for defamation, the plaintiff appeals from an order of the Supreme Court, Orange County (David J. Squirrell, J.), dated March 8, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is affirmed, with costs.
In May 2020, the plaintiff, a police officer with the Town of Montgomery, by her attorney, submitted a letter to the Town Supervisor alleging that the defendant, the then chief of police, engaged in misconduct that created a hostile work environment. In response, the defendant provided a letter dated May 13, 2020, to the Town Supervisor wherein he alleged, inter alia, various problems regarding the plaintiff's conduct and performance as an officer. In 2021, in response to requests from the Orange County District Attorney's office that were made to police chiefs for any Giglio material (see Giglio v United States, 405 US 150) concerning police officers, the defendant submitted information concerning two incidents involving the plaintiff. Thereafter, the plaintiff commenced this action against the defendant to recover damages for defamation. The defendant moved for summary judgment dismissing the complaint. The plaintiff opposed the motion. In an order dated March 8, 2024, the Supreme Court granted the motion. The plaintiff appeals.
"The elements of a cause of action for defamation are (a) a false statement that tends to expose a person to public contempt, hatred, ridicule, aversion, or disgrace, (b) published without privilege or authorization to a third party, (c) amounting to fault as judged by, at a minimum, a negligence standard, and (d) either causing special harm or constituting defamation per se" (Riggio v County of Nassau, 218 AD3d 502, 502 [internal quotation marks omitted]; see Bowen v Van Bramer, 205 AD3d 674, 674-675). "A statement is defamatory per se if it (1) charges the plaintiff with a serious crime; (2) tends to injure the plaintiff in her or his trade, business or profession; (3) imputes to the plaintiff a loathsome disease; or (4) imputes unchastity to a woman" (Kasavana v Vela, 172 AD3d 1042, 1044; see Liberman v Gelstein, 80 NY2d 429, 435).
A "conditional, or qualified, privilege extends to a 'communication made by one person to another upon a subject in which both have an interest'" (Liberman v Gelstein, 80 NY2d at 437, quoting Stillman v Ford, 22 NY2d 48, 53; see Bernacchi v County of Suffolk, 118 AD3d 931, [*2]932). "The rationale for applying the privilege in these circumstances is that so long as the privilege is not abused, the flow of information between persons sharing a common interest should not be impeded" (Liberman v Gelstein, 80 NY2d at 437). "However, 'the common-interest privilege can be overcome by a showing of malice'" (Laguerre v Maurice, 192 AD3d 44, 49, quoting Colantonio v Mercy Med. Ctr., 115 AD3d 902, 903; see Park Knoll Assoc. v Schmidt, 59 NY2d 205, 211). "To establish the malice necessary to defeat the privilege, the plaintiff may show either common-law malice, i.e., spite or ill will, or may show actual malice, i.e., knowledge of falsehood of the statement or reckless disregard for the truth" (Laguerre v Maurice, 192 AD3d at 49 [internal quotation marks omitted]; see Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d 1309, 1311). "Mere conclusory allegations, or charges based upon surmise, conjecture, and suspicion are insufficient to defeat the claim of qualified privilege" (Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d at 1312 [internal quotation marks omitted]; see Golden v Stiso, 279 AD2d 607, 608).
Here, the defendant made a prima facie showing that the challenged statements were protected by the qualified common-interest privilege (see Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d at 1311). The statements made by the defendant in the May 13, 2020 letter were provided to the Town Supervisor in response to the letter that had been received by the Town Supervisor, which contained the plaintiff's allegations that the defendant created a hostile work environment, and as such were made to potentially contribute to a corrective action process (see Colantonio v Mercy Med. Ctr., 135 AD3d at 691). The statements made by the defendant to the District Attorney were made in response to a request for Giglio material, in furtherance of compliance with the disclosure mandates of Criminal Procedure Law article 245 (see New York Horse Rescue Corp. v Suffolk County Socy. for the Prevention of Cruelty to Animals, 164 AD3d 909, 911; Colantonio v Mercy Med. Ctr., 135 AD3d at 691).
In opposition, the plaintiff failed to raise a triable issue of fact as to whether the challenged statements were motivated solely by malice (see Franco Belli Plumbing & Heating & Sons, Inc. v Dimino, 164 AD3d at 1312; New York Horse Rescue Corp. v Suffolk County Socy. for the Prevention of Cruelty to Animals, 164 AD3d at 911).
In light of our determination, the parties' remaining contentions have been rendered academic.
Accordingly, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint.
LASALLE, P.J., DILLON, CHRISTOPHER and LANDICINO, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court